Opinion issued September 4, 2003






 
 


 



In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00715-CR




THOMAS WILLIAM CRUZ, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 177th District Court
Harris County, Texas
Trial Court Cause No. 885769




 O P I N I O N

          Appellant, Thomas William Cruz, was charged by indictment with aggravated
robbery. After appellant entered a plea of not guilty, the jury found him guilty and
found an enhancement paragraph to be true. The jury assessed punishment at 50
years’ imprisonment and a $10,000 fine.
          In his sole point of error, appellant asserts that the trial court erred in sustaining
the State’s objection to the relevancy of the testimony of two of appellant’s witnesses. 
          We reverse and remand. 
Background
          On August 14, 2001, the complainant, Pedro Laureano, was walking home
along Westview Street in Houston when three men in a black Honda pulled beside
him. All three of the men, including appellant, got out of the vehicle, pushed
Laureano up against the wall and shoved him to the ground. A man later identified as
appellant held a pistol to Laureano’s head, while another held a knife, and the third
man pointed another pistol at him. The three men stole everything Laureano had on
him, which was $15. The men then told Laureano that if they saw him again, they
would kill him.
          As the men drove away in the Honda, Laureano memorized the license plate
number, walked to a nearby carwash, asked a lady at the carwash for a pen, and wrote
down the license plate number. Laureano then walked home and called the police.
          Officer Linda Moore with the Houston Police Department (HPD) responded to
Laureano’s call. Moore broadcast the license plate number and description of the men
and the vehicle that Laureano provided to her. Moore then filed a report, which led
to an investigation performed by HPD Officer Raymond Berger. Officer Berger
located the vehicle and conducted surveillance on it. Photos of two people, whom
Berger had observed in the vehicle, were placed in two photo-spreads; however,
Laureano did not identify anyone in the photos as a person who had robbed him. 
Berger continued surveillance of the vehicle and subsequently observed Hiram
Carrasquillo driving the vehicle with Roy Sanchez as a passenger. Carrasquillo was
stopped and arrested for a traffic violation and Sanchez was arrested for carrying an
illegal weapon. As a result of conversations with Carrasquillo and Sanchez while in
custody, appellant, Carrasquillo’s half-brother, was developed as a suspect in the
robbery of Laureano.
          A video line-up was prepared that included Carrasquillo and Sanchez. Laureano
identified Carrasquillo out of the video line-up as one of the men who had robbed him
on August 14, 2001. A third photo-spread was created that included a photo of 
appellant. Laureano identified appellant out of the photo-spread as one of the men
who had robbed him at gunpoint.
          At trial, Laureano pointed to appellant when asked if any of the men that had
robbed him was present in the courtroom. Additionally, Laureano testified that he
identified appellant in photo-spread number three, consistent with Officer Berger’s
testimony. However, Laureano exhibited confusion under both direct examination and
cross-examination as to the identity of the other man or men who had robbed him. As
to his identifications in the first photo-spread, Laureano testified that he identified a
fill-in as a robber, but Officer Berger testified that Laureano had picked no one out of
this photo-spread. Furthermore, Laureano testified that he identified two of the
robbers in the video line-up, in contradiction of Officer Berger’s testimony that
Laureano identified only one person in the line-up, Carrasquillo. 
          Laureano also testified that appellant was in the video line-up, but the officer’s
testimony established appellant was not in the video line-up. Finally, appellant
testified that the two people he identified in the photo-spreads, namely the appellant
and the fill-in, were the same two people he identified in the video line-up. However,
contrary to Laureano’s assertion that the two people he identified in the photo-spreads
were the same two people he identified in the line-up, Officer Berger established these
were four different people.
          Only two people, appellant and Carrasquillo, were charged with the robbery. 
Carrasquillo was in the video line-up and appellant was in photo-spread three.
Discussion
          In his sole point of error, appellant asserts that the trial court erred in sustaining
the State’s objection to testimony by Carol Arce and Raul Arce on the basis that such
testimony was irrelevant. Appellant argues both that the trial court erred in not
conducting a Rule 403 balancing test with respect to this testimony and that the trial
court improperly excluded the testimony. See Tex. R. Evid. 403. 
403 Balancing Test
          During the trial, outside the presence of the jury, appellant’s counsel attempted
to offer testimony from Carol Arce and Raul Arce (the “Arce testimony”) to prove that
Carrasquillo had an alibi and was not present at the robbery of Laureano on August
14, 2001. Essentially, both Carol and Raul would have testified that, on the day of the
crime, Carrasquillo was at the Arce family’s home repairing tile all day, and that
Carrasquillo’s sister had Carrasquillo’s car that day.
            The State’s objection to the relevancy of such testimony was sustained by the
trial court. Appellant argues that such testimony was relevant because it casts a doubt
as to the reliability of Laureano’s identifications of Carrasquillo and appellant as the
men who robbed him on August 14, 2001. Appellant’s counsel placed the Arce
testimony in the record as a bill of exception.
          We review a trial court’s decision to exclude evidence under an abuse of
discretion standard. Burden v. State, 55 S.W.3d 608, 615 (Tex. Crim. App. 2001). 
We will not reverse a trial court’s ruling unless that ruling falls outside the zone of
reasonable disagreement. Id. 
          Evidence that has any tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it would
without the evidence is relevant evidence. Tex. R. Evid. 401. In other words,
evidence must satisfy two requirements to be considered relevant—materiality and
probativeness. Miller v. State, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). Except
as otherwise prohibited by the constitution, statute, the rules of evidence, and other
rules prescribed by statute, all relevant evidence is admissible. Tex. R. Evid. 402. 
Evidence that is not relevant is inadmissible. Id. 
          Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice, confusion of the issues, or
misleading the jury, or by considerations of undue delay, or needless presentation of
cumulative evidence. Tex. R. Evid. 403. If there is an objection to the admissibility
of evidence based on Rule 403, the trial court must weigh the probative and prejudicial
value of the evidence. Santellan v. State, 939 S.W.2d 155, 169 (Tex. Crim. App.
1997); Howland v. State, 966 S.W.2d 98, 103 (Tex. App.—Houston [1st Dist.] 1998),
aff’d on other grounds, 990 S.W.2d 274 (Tex. Crim. App. 1999). However, the court
need not conduct a formal hearing or even announce on the record that it has mentally
conducted this balancing test. Howland, 966 S.W.2d at 103. In Howland, the trial
court overruled the appellant’s Rule 403 objection. Id. The appellant then requested
that the trial court conduct a Rule 403 balancing test and the trial court again denied
the objection. Id. This court held that, by overruling the objection the first time, the
trial court necessarily conducted the balancing test by considering and overruling the
objection. Id.
       Here, after the State objected to the relevancy of the Arce testimony, the trial court
heard the proffered testimony outside the presence of the jury. Appellant’s counsel
asserted that the proffered testimony impeaches the credibility of the complaining
witness, Laureano. The State again objected to the relevancy and the trial court
sustained the objection. As in Howland, the trial court was not required to conduct a
formal hearing or announce on the record that it has conducted a 403 balancing test. 
We conclude that the trial court was not required to demonstrate on the record that it
had conducted a Rule 403 balancing test.
Exclusion of Evidence
        Appellant contends the exclusion of the Arce testimony constituted an abuse of
discretion because the evidence was relevant and its probative value was not
substantially outweighed by the danger of unfair prejudice. To determine whether
evidence is admissible, we consider the following factors: (1) the inherent probative
value of the evidence; (2) the potential that the evidence will impress the jury in some
irrational but indelible way; (3) the time the proponent needs to develop the evidence;
and (4) the proponent’s need for the evidence. Reese v. State, 33 S.W.3d 238, 240-41
(Tex. Crim. App. 2000).
          The only evidence linking appellant to the crime was Laureano’s identification
of appellant and appellant’s relationship to Carrasquillo. A showing that the co-defendant identified by Laureano had an alibi was probative to raise a question as to
Laureano’s ability to identify that co-defendant, thereby creating a question of
Laureano’s ability to identify any of the perpetrators of the robbery. It would not be
irrational for the jury, had they heard the evidence, to have concluded that there was
a possibility that Carrasquillo was not at the scene of the crime and that appellant also
had not been properly identified. The trial court heard the Arce testimony outside the
hearing of the jury. The testimony did not take an inordinate amount of time. No other
evidence was admitted for the purpose of impeaching Laureano’s identification of
appellant, other than Laureano’s confusion on the witness stand. All four factors weigh
in favor of admitting the evidence. We, therefore, hold that the trial court erred in
sustaining the State’s objection to the admission of the testimony.
Harm Analysis
          With respect to the erroneous admission or exclusion of evidence, constitutional
error is presented only if the correct ruling was constitutionally required; a
misapplication of the rules of evidence is not constitutional error. See Tate v. State,
988 S.W.2d 887, 890 (Tex. App.—Austin 1999, pet. ref’d). The trial court’s erroneous
exclusion of evidence in this case was a misapplication of the rules of evidence, and
the admission of the evidence was not directly required by either the Texas or the
United States Constitution. Accordingly, we will conduct our harm analysis under
Rule of Appellate Procedure 44.2(b). Tex. R. App. P. 44.2(b); Potier v. State, 68
S.W.3d 657, 666 (Tex. Crim. App. 2002).
           Under Rule 44.2(b), any non-constitutional error that does not affect substantial
rights must be disregarded. Tex. R. App. P. 44.2(b). A substantial right is affected
when the error had a substantial and injurious effect or influence in determining the
jury’s verdict. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000). A
criminal conviction should not be overturned for non-constitutional error if the
appellate court, after examining the record as a whole, has fair assurance that the error
did not influence the jury or had but a slight effect. Id.
          “In assessing the likelihood that the jury’s decision was adversely affected by the
error, the appellate court should consider everything in the record, including any
testimony or physical evidence admitted for the jury’s consideration, the nature of the
evidence supporting the verdict, the character of the alleged error and how it might be
considered in connection with other evidence in the case.” Id. An appellate court
might also consider the State’s theory and any defensive theories, closing arguments
and even voir dire, if material to appellant’s claim. Id. When the error is the exclusion
of a relevant piece of evidence, conducting a meaningful harm analysis requires
consideration of all evidence that was admitted at trial. Id.
          First, we consider the nature of the evidence supporting the verdict. Appellant
was convicted because he was identified in a photo-spread and during trial as the man
who robbed the complainant. Appellant was never placed in a line-up. No physical
evidence connected appellant to the offense. No eyewitnesses to the offense existed,
other than Laureaneo.
          Thus, the reliability of Laureano’s identification of appellant is critical in
establishing appellant’s guilt because it was the only evidence linking appellant to the
robbery. The record establishes that Laureano’s recollection of the identifications in
the photo-spreads and video line-up was inconsistent with the officer’s descriptions of
Laureano’s identifications. Laureano chose fill-ins in the photo-spreads and line-up
as the men who had robbed him and claimed that appellant was in the videotaped line-up, when he was not. Thus, the nature of the evidence supporting the verdict is the
inconsistent testimony of one eyewitness.
          Next, we examine the character of the alleged error. After the court denied
appellant’s request to introduce Carrasquillo’s alibi evidence, appellant presented no
evidence in his defense. In closing argument, appellant’s attorney argued that
Laureano either lied about the assault or that appellant was not a perpetrator based on
Laureano’s misidentifications during his testimony. He was unable, though, because
of the exclusion of the Arce testimony, to argue that Carrasquillo had an alibi placing
him elsewhere during the time of the incident. Had he been able to introduce evidence
of Carrasquillo’s alibi, he could have argued that Laureano had, thus, probably wrongly
identified Carrasquillo and, hence, was also mistaken in his identification of appellant.
          During closing argument, the State repeatedly referred to the close relationship
between Carrasquillo and appellant and to evidence that the car with the license plate
identified by Laureano belonged to Carrasquillo. Moreover, the jury asked for
testimony “whether or not Laureano identified anyone in the video lineup” to be read
back. The court allowed the following testimony to be read to the jury.
The Court Reporter: This is the prosecutor, Ms. Scott asking questions to
Lieutenant Headly [the officer who presented the video lineup to Laureano].
 
          Q. And did he indicate to you whether anybody in this lineup was one of 
          the men who robbed him on August 14th, 2001?
 
          A. He specifically pointed to the man in the No. 1 Position, Mr. Carrasquillo.
 
The jury delivered the guilty verdict 23 minutes later.
 
          “To determine whether an error ‘affect[ed] substantial rights,’ we consider
whether a party had a right to that which the error denied.” Johnson v. State, 72
S.W.3d 346, 348 (Tex. Crim. App. 2002). Appellant has a fundamental right to present
evidence of a defense as long as the evidence is relevant and is not excluded by an
established evidentiary rule. Miller, 36 S.W.3d at 507. The evidence that Carrasquillo
had an alibi during the time that appellant and Carrasquillo were accused of robbing
Laureano was crucial to appellant’s defense. We are especially cognizant that the Arce
testimony might have been persuasive because Laureano’s identification of
Carrasquillo was the one piece of evidence that the jury requested be confirmed. 
Appellant was, thus, deprived of the right to present this defensive evidence to the jury.
          We conclude the trial court’s exclusion of the Arce alibi evidence could have
influenced the jury and had more than a slight effect on the verdict. We hold that the
wrongful exclusion of the Arce testimony affected appellant’s substantial rights. Tex.
R. App. P. 42.2(b). We, therefore, sustain appellant’s single point of error on appeal.
CONCLUSION
          Having sustained appellant’s point of error, we reverse the trial court’s judgment
and remand the case to the trial court for further proceedings consistent with this
opinion.
                                                                                                                          
                                                             Laura C. Higley 
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Alcala and Higley.
Publish. Tex. R. App. P. 47.2(b).