Opinion issued July 1, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-03-00587-CR




SIDNEY LAMB, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 209th District Court
Harris County, Texas
Trial Court Cause No. 921006




MEMORANDUM OPINION

          A jury convicted appellant, Sidney Lamb, of aggravated robbery and assessed
punishment at confinement for 45 years. Appellant presents 14 points of error on
appeal. In his first six points of error, appellant contends the trial court erred during
the guilt-innocence stage of trial by admitting evidence that he committed aggravated
robbery prior to and arson subsequent to the charged offense. In his seventh point of
error, appellant contends the trial court erred during the punishment phase of trial by
allowing a victim impact witness to testify that she was a state district court judge. 
In his eighth point of error, appellant contends the trial court erred during the
punishment phase of trial by allowing the introduction of evidence as to appellant’s
juvenile adjudications for robbery, evading arrest, and probation violation. In his
ninth, tenth and eleventh points of error, appellant contends the trial court erred
during the punishment phase of trial by admitting evidence that appellant had
previously committed the extraneous offenses of sexual assault, kidnapping, and
robbery. In his twelfth and thirteenth points of error, appellant contends the trial
court erred in denying his motion for mistrial. In his fourteenth point of error,
appellant contends the trial court erred in denying his motion for new trial.
          We affirm.
Background
          Around 3:00 a.m. on the morning of July 18, 2002, James Doku, a newspaper
deliveryman, was delivering newspapers to customers on his route. As he drove his 
 
 
green Chevy Blazer into the Polo Club Apartments in Houston, Texas, Doku was
followed by appellant and two other men in a white Toyota Corolla. When Doku
exited his Blazer and began restocking a newspaper stand, appellant approached him,
pointed a shotgun at him, and forced him to lie on the ground. While Doku lay on the
ground, the two men with appellant drove away in Doku’s Blazer. After appellant’s
companions left, appellant stole Doku’s wallet and fled in the Corolla.
          Around 5:00 a.m. the same morning, Rupert Carroll, complainant, arrived at
his boot store to prepare for the day’s business. As complainant walked from his car
to the store, appellant and the two other men approached the store in Doku’s Blazer. 
Appellant, who was driving, jumped a median and drove the Blazer into complainant,
pinning complainant’s lower body against a six-inch concrete filled pipe. 
Complainant, who was carrying a bag of donuts, heard one of the Blazer’s occupants
say “Get his moneybag.” 
          Before the men could exit the vehicle, however, complainant reached into his
pocket, pulled out a handgun, and fired the gun into the windshield and hood of the
Blazer. Complainant continued to fire his gun until his ammunition was exhausted,
hitting both appellant and the man sitting in the front passenger side of the Blazer.
          After complainant quit shooting, appellant backed-up and sped away in the
Blazer. The Blazer was found later that morning in a ditch; it had been burned as a
 
result of arson. Much of the Blazer, including the windshield, had been destroyed by
fire; however, bullet holes were found in the hood of the vehicle.
Theft and Arson of the Blazer
          In his first six points of error, appellant contends the trial court erred by
admitting evidence concerning the aggravated robbery in which appellant obtained
the Chevy Blazer used in the charged offense. Appellant also contends that the trial
court erred by admitting evidence that the Blazer was destroyed by arson subsequent
to the charged offense. Appellant avers that this evidence was admitted in violation
of Rules of Evidence 402, 403, and 404(b).



 
          An appellate court must uphold a trial court’s evidentiary ruling if it is
reasonably supported by the record and is correct under any theory of law applicable
to the case. State v. Ross, 32 S.W.3d 853, 855-56 (Tex. Crim. App. 2000). This
principle holds true even when the trial judge gives the wrong reason for his decision.
Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990). We will not reverse
the trial court’s decision to admit evidence unless the record shows that the trial court
abused its discretion. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1990). This standard requires an appellate court to uphold a trial court’s admissibility
decision when that decision is within the zone of reasonable disagreement. Powel v.
State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001).
A.      Appellant’s Rule 402 & 404(b) Complaints
          Evidence must make the existence of any fact that is of consequence to the
determination of the action more or less probable than it would without the evidence
to be relevant under Rule of Evidence 402. See Tex. R. Evid. 402; Cruz v. State, 122
S.W.3d 309, 312 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Relatedly, the State
may not introduce evidence of crimes, wrongs or bad acts similar to the offense
charged for the purpose of proving a defendant’s character in order to show action in
conformity therewith. See Tex. R. Evid. 404(b); Roberts v. State, 29 S.W.3d 596,
600 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). One exception to these
general rules, however, is same transaction contextual evidence. See Rodgers v.
State, 853 S.W.2d 29, 32-33 (Tex. Crim. App. 1993). 
          Where several crimes are intermixed, blended, or connected with one another
so that they form an indivisible criminal transaction, they are collectively referred to
as same transaction contextual evidence. See Wyatt v. State, 23 S.W.3d 18, 25 (Tex.
Crim. App. 2000). Same transaction contextual extraneous offense evidence is
admitted not because it has any particular evidentiary purpose, but rather because, in
narrating the one offense, it is impracticable to avoid describing the other extraneous
offenses. See Mayes v. State, 816 S.W.2d 79, 86-87 (Tex. Crim. App. 1991). In other
words, if narration of the primary offense would make little or no sense without
bringing in the other offenses, then they should be admitted. Jones v. State, 962
S.W.2d 158, 165 (Tex. App.—Fort Worth 1998, no pet.). Thus, same transaction
contextual offense evidence illuminates the nature of the crime alleged by imparting 
to the trier of fact information essential to understanding the context and
circumstances of events. Camacho v. State, 864 S.W.2d 524, 532 (Tex. Crim. App.
1993).
 
          In the instant case, appellant’s theft of the Chevy Blazer, his use of the Blazer
in the charged offense, and his burning of the Blazer all occurred within a matter of
hours and were intermixed, blended, and connected with one another to such an
extent that they formed an indivisible criminal transaction. Furthermore, the events
surrounding appellant’s acquisition, use, and destruction of the Blazer were integral
to the State’s prosecution of appellant, because the Blazer was the deadly weapon
used in the commission of the charged offense. Indeed, evidence of the theft of the
Blazer was required to connect appellant with the deadly weapon used in the charged
offense, while the arson of the Blazer showed appellant’s consciousness of guilt and
was necessary to explain why evidence of the charged offense, which a jury would
normally anticipate seeing (e.g., the bullet holes in the windshield and blood from
appellant’s gunshot wounds), was not produced at trial. Thus, the aggravated robbery
in which appellant obtained the Blazer and the subsequent arson of the Blazer
involved facts essential to an understanding of the context and circumstances of
events surrounding the charged offense.
          We hold that the trial court did not abuse its discretion in admitting evidence
regarding the aggravated robbery of Doku under Rules of Evidence 402 or 404(b). 
Nor did the trial court abuse its discretion under these rules in admitting evidence
regarding the arson of the Blazer subsequent to the charged offense. The evidence 
 
concerning the Blazer constituted same transaction contextual evidence indivisibly
connected to the charged offenses and therefore, was relevant under both 402 and
404(b). See Tex. R. Evid. 402, 404(b). 
B.      Appellant’s Rule 403 Complaint
          In regard to appellant’s Rule 403 complaint, we must consider whether the
unfair prejudicial effect of the extraneous offense evidence substantially outweighed
its probative value. In doing so, we give great deference to the trial court’s
determination of admissibility. Montgomery v. State, 810 S.W.2d 372, 391-92 (Tex.
Crim. App. 1990). The prejudicial nature of the same transaction contextual evidence
rarely renders such evidence inadmissable, as long as it sets the stage for the jury’s
comprehension of the whole criminal transaction. Houston v. State, 832 S.W.2d 180,
183 (Tex. App.—Waco 1992, pet. dism’d). 
          For the reasons discussed above, the evidence of the theft and subsequent arson
of the Chevy Blazer—although prejudicial—was highly probative to the issue of
appellant’s guilt because the deadly weapon necessary to prove the aggravated
robbery was the same vehicle as in the extraneous offenses. Without the ability to
introduce evidence as to the extraneous offenses, the State could not show how
appellant acquired the deadly weapon or why appellant no longer possessed it. Given 
 
 
the probative value of the evidence, we hold that the evidence of the aggravated
robbery in which appellant obtained the Blazer and the subsequent arson of the Blazer
was not so unfairly prejudicial as to substantially outweigh its probative value. 
          We overrule appellant’s first six points of error. 
The Collins Testimony
          In his seventh point of error, appellant contends the trial court erred during the
punishment phase of his trial by allowing complainant’s wife, Denise Collins, to
testify that she was a state district court judge. Appellant argues that this testimony
was more prejudicial than probative in violation of Rule of Evidence 403.
          Generally, an inquiry into a witness’s occupation is probative enough of
credibility to be admissible. Cravens v. State, 687 S.W.2d 748, 750 (Tex. Crim. App. 
1985). This admissibility is predicated on the principle that “the history, occupation,
etc. of a witness are always legitimate subjects of investigation.” Yeager v. State, 256
S.W. 914, 915 (Tex. Crim. App. 1923). Appellant cites no authority indicating that
the occupation in question (i.e., state district court judge) is of such a nature that its
revelation might engender such prejudice as to except it from the general rule that a 
witness’s occupation is admissible; nor do we find any. Therefore, we hold that the
trial court did not abuse its discretion by allowing complainant’s wife to testify that
she was a state district court judge.
          We overrule appellant’s seventh point of error.
The Juvenile Offenses
          In his eighth point of error, appellant contends the trial court erred during the
punishment phase of his trial by admitting evidence concerning appellant’s juvenile
adjudications for robbery, evading arrest, and probation violation. Specifically,
appellant contends the State failed to give him proper notice that it intended to
introduce evidence of the offenses during the punishment proceedings in violation of
Code of Criminal Procedure article 37.07 subsection 3(g) and Rule of Evidence
404(b).
          After a finding of guilty, evidence may be offered by the State as to any matter
the court deems relevant to sentencing, including but not limited to the prior criminal
acts of the defendant, not withstanding Rules of Evidence 404 and 405. Tex. Code
Crim. Proc. art. 37.07 § 3(a)(1) (Vernon Supp. 2004). However, if the State intends
to introduce evidence of extraneous crimes that have not resulted in a final conviction
in a court of record or a probated or suspended sentence, then notice must be given
to the defendant of such intent. Tex. Code Crim. Proc. art. 37.07 § 3(g) (Vernon
Supp. 2004).
          Appellant does not direct this Court to any portion of the record indicating that
the State introduced extraneous-offense evidence of a juvenile adjudication for
robbery. Upon our own inspection of the record, we find none. Moreover, although 
 
the record indicates that appellant was given deferred adjudication on his juvenile
charge of evading arrest, it also indicates that he violated the terms of his probation,
resulting in an adjudication of guilt. The State did not introduce evidence as to the
specific allegations surrounding the probation violation. Instead, the evidence was
limited to the existence of the probation violation and its consequence (viz., the final
adjudication of the evading arrest charge). 
          We hold that appellant has failed to show that the State introduced evidence of
a juvenile adjudication for robbery. We further hold that the trial court did not abuse
its discretion in admitting evidence of appellant’s juvenile adjudication for evading
arrest and the existence of the probation violation that resulted in said adjudication. 
          We overrule appellant’s eighth point of error. 
The Jackson Offenses
          In his ninth point of error, appellant contends the trial court erred during the
punishment phase of his trial by admitting the testimony of Charlene Jackson
concerning allegations that appellant sexually assaulted, kidnapped, and robbed 
Jackson approximately three years prior to the charged offense. Specifically,
appellant contends that the State failed to give him proper notice that it intended to
introduce evidence of the offenses during the punishment proceedings in violation of
Code of Criminal Procedure article 37.07 subsection 3(g) and Rule of Evidence
404(b).
 
          The record indicates that Jackson was called as a rebuttal witness and did not
testify during the State’s case-in-chief.


 The State was not required under either Code
of Criminal Procedure article 37.07, subsection 3(g) or Rule of Evidence 404(b) to
provide appellant notice of its intent to introduce extraneous offense evidence as
rebuttal evidence. See Jaubert v. State, 74 S.W.3d 1, 4 (Tex. Crim. App. 2002). We 
hold that the trial court did not err in admitting the testimony of Charlene Jackson
under Code of Criminal Procedure article 37.07, subsection 3(g) and Rule of
Evidence 404(b).
          Appellant’s ninth point of error is overruled.
          In his tenth point of error, appellant contends the trial court erred by admitting
the testimony of Charlene Jackson because admission of such evidence violated the
double jeopardy clause of the United States Constitution and Texas Constitution. 
Specifically, appellant argues that, although he stood trial as an adult for the sexual 
assault, kidnapping, and robbery of Jackson, he was only convicted of misdemeanor
assault. Thus, the State was collaterally estopped from attempting to relitigate the
fact issues regarding the sexual assault, kidnapping, and robbery of Jackson.
 
          Collateral estoppel refers to the principle that, when an issue of ultimate fact
has once been determined by a valid and final judgment, that issue cannot again be
litigated between the same parties in any future action. Ex parte Mathes, 830 S.W.2d
596, 598 (Tex. Crim. App. 1992) (quoting Ashe v. Swenson, 397 U.S. 436, 443, 90
S. Ct. 1189, 1194 (1970)). The doctrine of collateral estoppel is applicable to the
punishment phase in a criminal prosecution. Id. Thus, once a jury determines an
issue of ultimate fact in favor of a criminal defendant, the State cannot contest the
jury’s finding or attempt to relitigate the issue in the punishment phase of a
subsequent criminal prosecution. See Ex parte Watkins, 73 S.W.3d 264, 268 (Tex.
Crim. App. 2002).
          In applying this doctrine, we must determine whether the fact issue in question
was necessarily decided in favor of the defendant in the first trial. Id. The mere
possibility that a fact may have been determined in a former trial is insufficient to bar
re-litigation of that same fact in a second trial. Id. The Court of Criminal Appeals
has opined,
In each case, courts must review the entire trial record, as well as the
pleadings, the charge, and the arguments of the attorneys, to determine
‘with realism and rationality’ precisely which facts the jury necessarily
decided and whether the scope of its findings regarding specific
historical facts bars relitigation of those same facts in a second criminal
trial.

Id. (emphasis in original). Thus, the record must affirmatively indicate that the
complained-of fact issue was decided in the previous proceeding. See id. 
          In the instant case, the only indication that appellant had been charged with and
acquitted of the offenses to which Jackson testified was Jackson’s testimony, itself. 
Jackson merely testified that appellant had been charged with sexual assault,
kidnapping, and robbery but had only been convicted of assault. The record before
this Court does not contain the trial record from the prior proceedings, nor does it
contain the pleadings, the charge, or the argument of the attorneys. Assertions in
appellant’s brief which are not supported by the record will not be accepted as fact. 
See Gelabert v. State, 712 S.W.2d 813, 816 (Tex. App.—Houston [1st Dist.] 1986,
pet. ref’d). Given the inadequacy of the record, we are unable to determine with
realism and rationality precisely which facts the jury necessarily decided. 
          We overrule appellant’s tenth point of error.
          In his eleventh point of error, appellant contends the trial court erred by
admitting the testimony of Charlene Jackson because such testimony was more
prejudicial than probative under Rule of Evidence 403. 
          To complain of error on appeal, a defendant must make a specific, timely
objection during trial. Havard v. State, 800 S.W.2d 195, 211 (Tex. Crim. App. 1989).
To preserve error, the specific objection must be pressed to the point of obtaining an
adverse ruling, whether that is a ruling on the objection, a request for an instruction,
or a request for a mistrial. Fuller v. State, 827 S.W.2d 919, 926 (Tex. Crim. App.
1992). A defendant may not, on appeal, argue a reason for error that was not urged 
at trial. Havard, 800 S.W.2d at 211. Nor may a defendant use a trial objection stating
one legal basis to support a different legal theory on appeal. Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App. 1993). 
          In the instant case, appellant failed to object to the testimony of Charlene
Jackson on the basis that the evidence was more prejudicial than probative under Rule 
of Evidence 403. Thus, we hold that appellant has failed to preserve error as to his
eleventh point of error and has therefore waived it.
          We overrule appellant’s eleventh point of error.
The Motion for Mistrial
          In his twelfth point of error, appellant contends the trial court erred by denying
his motion for a mistrial on the basis that one of the jurors became upset after the
testimony of Charlene Jackson, because the juror had, herself, been the victim of a
sexual assault. Appellant further contends that a mistrial was required because the
juror revealed to another female juror that she had been the victim of a sexual assault.
          We review a trial court’s denial of a motion for mistrial under an abuse of
discretion standard. Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). 
Under this standard, we view the evidence in the light most favorable to the trial
court’s ruling, giving the trial court almost total deference on its findings of historical
fact supported by the record. Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App. 
 
1997). There is no abuse of discretion by the trial court when its decision is within
the zone of reasonable disagreement. See Montgomery, 810 S.W.2d at 391.
          In the instant case, Juror Parker became upset after the testimony of Charlene
Jackson concerning Jackson’s allegations of sexual assault. She began to weep and
stepped outside the deliberation room, seeking a moment to collect herself. While
outside the deliberation room, she was joined by juror Doze who asked her if she had
been a victim. Juror Parker answered affirmatively. 
          The record indicates that the trial court questioned Juror Parker extensively as
to whether she could remain fair and impartial despite Jackson’s testimony, given the
fact that she had been a sexual assault victim herself. Juror Parker maintained that
she could remain fair and impartial. Similarly, the trial court questioned Juror Doze
as to whether she could remain fair and impartial given the events concerning Juror
Parker. Juror Doze acknowledged that she could remain fair and impartial as well. 
It was reasonable for the trial court to determine from the acknowledgments of the 
jurors that they could properly decide appellant’s punishment. We hold that the trial
court did not abuse its discretion by denying a mistrial on the grounds that Juror
Parker was a sexual assault victim and related such information to Juror Doze.
          We overrule appellant’s twelfth point of error.
 
 
          In his thirteenth point of error, appellant contends the trial court erred by
denying his request for a mistrial because, before the reading of the punishment
charge or argument of counsel, a juror told his fellow jurors that he was against the
minimum sentence for appellant.
          Appellant’s thirteenth point of error contains inadequate citation to the record
and provides no authority to support appellant’s contention. We will not decide an
issue on appeal without proper argument and authority showing why the actions of
the trial court were erroneous. See Tex. R. App. P 38.1(h); Foster, 101 S.W.3d at
499. Therefore, we hold this point of error is inadequately briefed, and, as such, is
waived. Id.
          We overrule appellant’s thirteenth point of error.
Motion for New Trial
          In his fourteenth point of error, appellant contends the trial court erred by 
denying his motion for new trial because two jurors were asleep during portions of
appellant’s trial. 
          Attached to his motion for new trial appellant provided the trial court with the
affidavits of two spectators who had viewed at least a portion of appellant’s trial. 
These affidavits indicated that the affiants had observed two jurors sleeping during
appellant’s trial. In response to appellant’s motion for new trial and accompanying 
 
affidavits, the State presented the trial court with the affidavits of the jury foreperson
and another juror. The State’s affidavits indicated that no jurors had slept during the
trial and that all jurors were able to deliberate without exhibiting “gaps” in their
memories.
          When a trial judge is presented with conflicting affidavits concerning juror
misconduct, as in the present case, the judge, as the trier of facts, is free to believe one
witness’s testimony as to the absence of improper jury conduct and to disbelieve and
reject all or part of the testimony of the other witnesses. See Zamora v. State, 647
S.W.2d 90, 94 (Tex. App.—San Antonio 1983, no pet.). Thus, issues as to jury
misconduct raised at a hearing on a motion for new trial are for the determination of 
the trial judge, and, where there is conflicting evidence, there is no abuse of discretion
when the motion for new trial is overruled. McCartney v. State, 542 S.W.2d 156, 162
(Tex. Crim. App. 1976). 
          In the instant case, the trial court was free to believe the affidavits of the jurors
and disregard the affidavits of the court spectators. We defer to the trial court’s
decision concerning witness credibility. We hold that the trial court did not abuse its
discretion in denying appellant’s motion for new trial.
          We overrule appellant’s fourteenth point of error.
 
 
 
Conclusion
We affirm the judgment of the trial court.
 
 
                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).