Opinion filed December 15, 2005












 
 
  
 
 







 
 
  
 
 




Opinion filed December 15, 2005

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-03-00396-CR 

 

                                                    __________

 

                                TIMOTHY RAY BRIDGES, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS, Appellee

 



 

                                    On
Appeal from the 29th District Court

 

                                                         Palo
Pinto County, Texas

 

                                                      Trial
Court Cause No. 12,249

 



 

                                                                   O
P I N I O N

 








Timothy Ray Bridges appeals his conviction by a
jury of the offense of aggravated robbery. 
The jury assessed his punishment at ninety-nine years in the Texas
Department of Criminal Justice, Institutional Division, and a fine of
$10,000.  Bridges contends in six issues
that (1) the evidence was insufficient to support his conviction because
several witnesses recanted their prior statements, (2) the trial court erred by
admitting into evidence a videotape that was not properly authenticated, (3)
the trial court erred by admitting into evidence a machete without a showing of
a proper chain of custody, (4) the trial court improperly refused him the
opportunity to show various versions of the crime given by various witnesses,
(5) the trial court erred by admitting into evidence autopsy and other
photographs that constituted cumulative and prejudicial evidence, and (6) the
trial court erred by admitting into evidence hearsay information concerning his
guilt.  We affirm.  

Bridges contends in issue five that the evidence
is insufficient to support his conviction because several witnesses at trial
recanted prior statements in which they had implicated him in the aggravated
robbery for which he was being tried.  In
a legal sufficiency review, we view all of the evidence in the light most
favorable to the verdict and then determine whether a rational trier of fact
could have found the essential elements of the crime beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307
(1979).  In a factual sufficiency review,
we view all of the evidence in a neutral light and set the verdict aside only
if the evidence is so weak that the verdict is clearly wrong and manifestly
unjust or if the contrary evidence is so strong that the standard of proof
beyond a reasonable doubt could not have been met.  Zuniga v. State, 144 S.W.3d 477 (Tex.
Crim. App. 2004).

Evidence presented showed that Brent Bellah
brutally murdered a convenience store clerk during a robbery.  He was armed with a machete.  Money taken from the robbery was found at the
residence of Jennifer Fikes after Bridges had pointed out where it was and had
indicated that he had received it from Bellah. 
A cash register taken in the robbery was found in a vehicle located on
premises rented by Bridges.  One witness
testified that he heard Bridges telling Bellah that he was stupid for not
covering his face and, if he had Acovered
his face like he had told him to, that neither one of them would even be there.@ 
The same witness indicated that Bridges asked Bellah if he had told
anyone about his involvement.  Another
witness testified that, when he asked Bridges about the murder, Bridges told
him that Bellah had been a good soldier who had sacrificed himself to the
cause.  He related that Bridges said that
the cause was Acause he
told him to.@  Another witness testified that she heard
Bridges and Bellah planning the robbery before it occurred and later heard
Bridges tell Bellah that he had done a good job.  The witness indicated that she also heard
Bridges say that he had planned the whole thing.








Bridges contends that the evidence is insufficient
to support his conviction because several witnesses recanted prior statements
implicating him.  Both Bellah and William
Christopher Ruff recanted prior statements they had given to police implicating
Bridges.  However, none of the evidence
that we have outlined above was recanted. 
We hold that the evidence is legally and factually sufficient to support
Bridges=s
conviction.  In arguing that the evidence
is insufficient to support his conviction, Bridges relies on the case of Greene
v. Massey, 437 U.S. 19 (1978). 
However, that case does not relate to a determination of whether
evidence was sufficient to support a conviction.  Id. 


Although not pertinent to the issue as stated,
Bridges suggests in his argument with respect to this issue that he was harmed
when the trial court entered into evidence the prior statements of Bellah and
Ruff.  The record reflects that no
objection was made either to the admission of Bellah=s
statement or to Ruff=s
testimony concerning his implicating Bridges in the statement he gave
police.  We overrule issue five.








Bridges urges in issue one that the trial court
erred by admitting over his objection the videotape taken of the robbery of the
convenience store because the investigating detective did not properly
authenticate the tape.  Detective Mike
McAllester, a lieutenant and commander of the Criminal Investigations Unit of
the Mineral Wells Police Department, testified that, after the robbery and
murder at the convenience store, he secured the store=s
security tape.  He indicated that he had
watched and listened to the tape; that it was prepared on a recording device
capable of making an accurate audio and visual recording; that it was an
accurate copy of the conversation or the events that took place as described on
January 4, 2001; that the pictures and events contained in the videotape fairly
and accurately reflect the events shown on the tape; and that the recording had
not, to his knowledge, been altered in any manner.  Bridges objected to the question as to
whether the tape was prepared on a recording device capable of making an
accurate audio and visual recording on the basis that the officer was not
qualified to make that representation. 
The trial court overruled his objection. 
When the State offered four minutes of the videotape, State=s Exhibit No. 9, into evidence, Bridges
objected on the basis of the rule of optional completeness and on the basis
that he did not know which four minutes the State was offering.  The trial court overruled the objection and
admitted the portion of the tape that the State wanted to play before the
jury.  Bridges made no objection to the
admission of State=s Exhibit
No. 9 on the basis that it was not properly authenticated.  Because his objection on appeal does not
comport with his objection at trial, we hold that nothing is presented for
review.  Coffey v. State, 796
S.W.2d 175, 179 (Tex. Crim. App. 1990). 
In support of his contention under this issue, Bridges refers us to Edwards
v. State, 551 S.W.2d 731 (Tex. Crim. App. 1977), which sets forth certain
requirements for the admission into evidence of video recordings.  Id. at 733.  He contends that those requirements were not
met; but, as noted, he did not make an objection to the admission of the
videotape on that basis.  We also note
that Tex. R. Evid. 901, not Edwards,
now governs the authentication of video recordings.  Leos v. State, 883 S.W.2d 209, 211
(Tex. Crim. App. 1994).  Bridges has made
no contention, either at trial or on appeal, that the recording was not
properly authenticated in accordance with Rule 901.  We overrule issue one.  

Bridges insists in issue two that the trial court erred
by admitting a machete into evidence without a showing of a proper chain of
custody.  Detective McAllester testified
that the machete in question, State=s
Exhibit No. 22A, was the same machete that was found at the residence of  Bellah and that it was the same machete that
was transported to and received back from a crime lab, the Southwest Institute
of Forensic Sciences in Dallas.  He related
that, when an item of evidence, such as the machete, is taken into evidence, it
is logged, tagged, and placed in a secured evidence room until such time as it
is needed for court or if it is needed to be taken to the crime lab for
analysis.  He stated that at no time is
it ever available to anyone other than four detectives who have access to the
room.  Detective McAllester acknowledged
that he did not know who transported the machete to the crime lab.  The trial court admitted the machete into
evidence, over Bridges=s
objection that the chain of custody was not clearly shown from the time the
State had the machete until the time of trial.

Tagging an item of physical evidence at the time
of its seizure and then identifying it at trial based upon the tag is
sufficient for admission barring any showing by the defendant of tampering or
alteration.  Stoker v. State, 788
S.W.2d 1, 10 (Tex. Crim. App. 1989).  The
chain of custody is conclusively proven if an officer is able to identify that
he or she seized the item of physical evidence, put an identification mark on
it, placed it in the property room, and then retrieved the item being offered
on the day of trial.  Id.  Inasmuch as Bridges has presented us no
evidence of tampering or alteration, the trial court did not abuse its
discretion by admitting the machete into evidence.  We overrule issue two.  








Bridges asserts in issue three that the trial
court erred by sustaining the State=s
hearsay objection to a question relating to different versions of the crime
presented by the witnesses at trial. 
Detective McAllester testified that Bellah had given more than one
statement to him, which included two or three different versions of what had
happened.  When counsel for Bridges asked
Detective McAllester if Bellah had told him that Ben Hernandez had made him do
it, the trial court sustained the State=s
hearsay objection.  Bridges makes no
argument that the question asked did not call for hearsay, nor does he rely upon
any exception to the hearsay rule.  His
argument seems to be that, because the State was able to show through Bellah=s statement that Bridges had made him
commit the robbery, he should be able to show through another statement by
Bellah that it was Hernandez who made Bellah commit the robbery.  

In order to preserve error with respect to the
exclusion of evidence, the substance of the evidence excluded must have been
made known to the court by offer or be apparent from the context within which
the questions were asked.  Tex. R. Evid. 103(a)(2); Love v.
State, 861 S.W.2d 899, 901 (Tex. Crim. App. 1993).  Bridges did not make known what Detective
McAllester=s answer
to his question would have been by making an offer of proof, and his answer was
not apparent from the context within which the question was asked.  Bridges relies on the case of Cruz v.
State, 122 S.W.3d 309 (Tex. App.CHouston
[1st Dist.] 2003, no pet.), but that case is distinguishable because Cruz=s counsel preserved the excluded
testimony by means of a bill of exception. 
Id. at 312.  We
overrule issue three.  

Bridges argues in issue four that the trial court
erred by admitting autopsy photographs into evidence.  We review the trial court=s decision to admit or exclude evidence
by an abuse of discretion standard.  Green
v. State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996), cert. denied,
520 U.S. 1200 (1997).  We will reverse
the trial court only when its decision on the admissibility of evidence lies
outside the zone of reasonable disagreement. 
Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991).  








Dr. Jeffrey Barnard testified that he is the chief
medical examiner for Dallas County and the director of the Southwestern
Institute of Forensic Sciences.  He said
that his office performed the autopsy of the victim in this case based on a
request from someone in Palo Pinto County. 
He identified three pictures, State=s
Exhibit Nos. 24, 25, and 26, as pictures of the types of injury that were
inflicted on the victim.  He related that
the pictures would assist him in explaining to the jury the types of injuries
and what would cause those types of injuries. 
The trial court admitted the photographs into evidence over Bridges=s objection that they were cumulative,
more prejudicial than probative, and inflammatory.  The photographs depict severe cuts on the
victim=s hand,
including one photo showing amputated fingers and severe cuts on the victim=s face. 
The decision to admit or exclude photographic evidence is generally left
to the sound discretion of the trial court. 
Prible v. State, No. AP74487, 2005 WL 156555 (Tex. Crim. App.
Jan. 26, 2005).  In deciding whether
photographs are unfairly prejudicial, we must also consider the following
factors: the number of photographs, the size, whether they are in color or
black and white, whether they are gruesome, whether any bodies are clothed or
naked, and whether a body has been altered by autopsy.  Id. 


As previously noted, Bridges objected to three
photographs.  These photographs are in
color.  They do not appear in our record
to exceed eight inches by ten inches. 
Due to the nature of the injuries inflicted on the victim, the pictures
might be considered by some to be gruesome but are not  gruesome for the purpose of this analysis
because of their clinical nature.  Id.
at *10.  The pictures do not depict
whether the body of the victim is clothed, and the body as depicted in the
photographs does not appear to have been altered by autopsy.  Over similar objections by Bridges, the trial
court had previously admitted into evidence other photographs.  The photographs that are the subject of this
issue on appeal depicted certain defensive-type wounds not shown in the other
photographs that were admitted and depicted additional views of the victim and
the crime scene that were not shown in the other photographs.  They were not, therefore, cumulative of other
evidence.  We also hold that their
probative effect was not substantially outweighed by the danger of unfair
prejudice and that the photographs were not inflammatory.  Accordingly, we hold that the trial court did
not abuse its discretion in admitting these photographs into evidence.








Furthermore, given the fact that the photographs
were not particularly gruesome due to their clinical nature; given the
comparison of these photographs with other evidence properly admitted; given
the fact that the State only generally referred to photographs in its jury
argument; given the fact of the limited number of the photographs admitted; and
given the fact that the photographs had nothing to do with the disputed issue
at trial concerning whether Bridges had directed Bellah in committing the
murder, we hold that the admission of these photographs did not affect Bridges=s substantial rights.  See id.  Bridges relies upon two cases:  Whaley v. State, 367 S.W.2d 703 (Tex.
Crim. App. 1963), and Cavazos v. State, 365 S.W.2d 178 (Tex. Crim. App.
1963).  The  basis of both of these cases was set aside in
Martin v. State, 475 S.W.2d 265, 268 (Tex. Crim. App. 1972).  Unlike Prible, neither case contained
any harm analysis.  We overrule issue four.

Bridges insists in issue six that the trial court
erred by admitting hearsay information about his guilt.  Detective McAllester testified that he met
with someone named Ruff in the jail who had information about the incident in
question.  Immediately after Detective
McAllester testified that Ruff told him he knew Bridges, Bridges objected to
the answer on the basis of hearsay; but the trial court overruled the
objection.  Detective McAllester
subsequently testified, without objection, that Ruff told him that he knew
something about Bridges=s
involvement in the convenience store killing; that Ruff told him that Bridges
had told Ruff that he had planned the robbery; that Bridges had told Ruff that
he had promised to give Bellah something if Bellah robbed the convenience
store; that Bridges told Ruff that he had provided the machete to Bellah with
which to commit the robbery; that Bridges told Ruff he had sent Bellah to rob
the store and told him not to leave any witnesses; and that Bridges had told
Ruff that Bellah had returned from the robbery with blood on him and he gave
the money to Bridges.  In the absence of
an objection, nothing is presented for review. 
Little v. State, 758 S.W.2d 551, 563 (Tex. Crim. App. 1988).  Bridges relies on Garrett v State, 641
S.W.2d 232 (Tex. Crim. App. 1981).  We
find that case to be distinguishable.  In
Garrett, several timely hearsay objections were overruled, and a running
objection based on hearsay was overruled. 
Id. at 234.  In the case at
bar, while Bridges asserts that there was a hearsay objection, our examination
of the record reflects that the question was rephrased following his initial
hearsay objection and that his second hearsay objection was untimely in that it
was not made until the question had been answered.  As previously noted, the bulk of the
testimony of which Bridges complains was received into evidence without any
hearsay objection at all.  We overrule
issue six. 

The judgment is affirmed.

 

PER CURIAM

 

December 15, 2005

Do not publish.  See
Tex. R. App. P.  47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth sitting by assignment.