**Bruce Allen BUTLER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46116.**

Court of Criminal Appeals of Texas.

Nov. 8, 1972.

**332**

———◆———

Maner & Nelson by George H. Nelson, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., and Jim D. Rudd, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ROBERTS, Judge.

Appellant seeks relief from an order revoking his probation. On January 21, 1972, appellant was convicted of the offense of burglary, and punishment was assessed at three years, probated. The terms and conditions of probation provided, among other things, that appellant work faithfully at suitable employment as far as possible or be in school if not working. On February 25, 1972, a motion to revoke appellant's probation was filed, alleging that he had violated the above-mentioned terms and conditions. A hearing was held on March 27, 1972, and the court revoked appellant's probation.

The only witness for the State was appellant's probation officer. He testified that he was aware that appellant worked from February 7 through February 11, 1972, for McKee Wholesale, and for Manpower, Inc. on February 22, 1972. Over objection by appellant, he stated that the manager of Manpower said that appellant had just walked off the job after working three hours and never did return. The probation officer summarized that "he had followed this young man (appellant) very closely," though the court had not instructed him to do so. On cross-examination, the probation officer testified that appellant had graduated from high school less than a week before being put on probation. He further testified that he was knowledgeable of the fact that appellant had applied with several companies in Lubbock, and also that appellant had in fact secured a job and was on the way to work on the day he was arrested.

Appellant testified in his own behalf and named at least eight different companies where he had applied for employment. He also related that he had spoken with one of his high school teachers on several occasions in reference to enrolling in a training school.

Patrick O'Neal was called as a defense witness and corroborated appellant's testimony that appellant was with him and was on the way to work the day he was arrested. O'Neal stated that he had agreed to pay appellant $2.00 an hour and that the job was still waiting for him in case appellant's probation was not revoked.

Appellant's mother and sister testified to the effect that appellant had diligently tried to find work.

At the conclusion of the hearing, the following occurred:

"COURT: The only reason I gave Mr. Butler probation before was he assured this court that he could immediately find a job and would find a job. He has not and I do not think—it is the finding of this court that he has actually not tried and then when he would get a job he didn't attempt to keep it. *He has failed to explain particularly why he remained a short time on the job at Manpower. Therefore, I will revoke his probation.* (Emphasis supplied)

Would you come forward, please? Do you know of any reason why sentence should not be pronounced?

"MR. NELSON: Your Honor, I may have been negligent in not going into detail on the Manpower job. I would be happy to try to develop that some on the Manpower job. We did develop it some on the McKee job.

"COURT: Well, that is not the only reason.

"MR. NELSON: If the court will allow us.

"COURT: I have followed him very closely during his probation, as I told him I would, for the probationary period.

"MR. NELSON: If the court would allow us to reopen I would be glad to put that testimony into the record concerning that Manpower job, the nature of it, why it didn't last so long.

"COURT: No, I said that that is not the only reason that I am revoking his probation.[1] Do you know of any other reason why sentence should not be pronounced?

"MR. NELSON: No, Your Honor.

"(COURT PRONOUNCES SENTENCE)"

Appellant alleges an abuse of discretion by the trial court, and cites five specific complaints, all of which basically concern the State's failure to sufficiently show that appellant had not "worked faithfully at suitable employment as far as possible."

The first three such allegations will be dealt with simultaneously. Appellant refers this Court to the fact that the State produced only one witness, an admittedly inexperienced probation officer, who was in charge of appellant's case and who filed the motion to revoke the probation. He corroborated appellant's testimony as to when and where appellant had been employed during this period. The most damaging testimony by the probation officer was in the form of inadmissible hearsay and concerned what the manager of Manpower had told him as to the reason appellant no longer was employed there.

Appellant, in his fourth and fifth complaints, alleges an abuse of discretion in that the court refused appellant's request to re-open and present evidence as to the reason for appellant's termination of employment at Manpower, and further alleges that the court considered matters outside the record. As previously quoted, the record reflects that one of the reasons the judge revoked the probation was because appellant failed to explain why he worked for Manpower for only a short time. Appellant's counsel, admitting he may have been negligent in not developing that point in more detail, pled with the court to let him re-open the case for that purpose. The judge refused, stating that was not the only reason for her decision, that she (the judge) had "followed him very closely during his probation. . . ."

In summary, the record here reveals a case of a probationer who sought employment at a minimum of eight different companies and did, in fact, work for short periods at two companies. Appellant's probation period lasted a total of 38

---

[1]. The order revoking probation cites only the ground of failure to work at suitable employment.

days before the motion to revoke was filed. Appellant had in fact secured a job and was en route to the job site with his employer when arrested.

The record fails to show that appellant did not "work at suitable employment as far as possible." Also, appellant should have been allowed to re-open the case since the judge admittedly based her decision partially upon appellant's lack of explanation on this point. It is apparent that the court did not disregard the hearsay testimony by the probation officer in this regard.

While there is no *right* to either the court's or the jury's grace, once granted, probation should not be arbitrarily withdrawn by the court and the court is not authorized to revoke without a showing that the probationer has violated a condition of his probation. Campbell v. State, 456 S.W.2d 918, 922 (Tex.Cr.App.1970).

The State has not sustained the necessary burden of proof and the court abused its discretion in revoking probation.

The order revoking probation is reversed, and the cause is remanded.