Robert DeWayne **FREEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46595.

Court of Criminal Appeals of Texas.

March 14, 1973.

Warren Burnett and Richard J. Clarkson, Odessa, for appellant.

John Green, Dist. Atty., Dennis Cadra, Asst. Dist. Atty., Odessa, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This appeal is taken from an order revoking probation. Appellant was convicted of indecent exposure; punishment was assessed at 10 years' confinement. The imposition of sentence was suspended and appellant was granted probation. Subse-

quently, the State filed a motion to revoke the probation, charging that appellant had sexual intercourse with his 14-year-old stepdaughter. A hearing was held and the judge entered an order revoking appellant's probation.

Two related contentions are raised by appellant which charge an abuse of discretion on the part of the trial judge. Appellant contends that there exists in a revocation proceeding an absolute right of defense counsel to be heard *by argument* before the trial judge enters his order revoking probation. The record reflects that the following colloquy took place at the close of the testimony:

"MR. BOBO [PROSECUTOR]: The State will close, Your Honor.

"MR. BURNETT [DEFENSE COUNSEL]: We close.

"THE COURT: Would the Defendant please rise. It appearing to the satisfaction of the Court that the Defendant has been guilty of violating the terms of his probation as set out in the Motion to Revoke Probation, sentence should be made final herein. Do you have anything to say why sentence should not be pronounced against you?

"MR. BURNETT [DEFENSE COUNSEL]: Yes, he does, Your Honor, he excepts to the action of the Court in revoking his probation without even affording him an opportunity by and through his attorney of record who has been here throughout the revokation proceeding, affording such attorney even an opportunity to argue the case and this deprivation of right to argue his case—

"THE COURT: *Do you wish to argue?* (Emphasis supplied)

"MR. BURNETT [DEFENSE COUNSEL]: The Defendant has been denied the effective assistance of counsel under the Sixth Amendment and the Constitution of the United States. Now, the Court having already firmly ruled before there was any opportunity to argue this young man's case on this probation revokation, it does not afford him the right to effective assistance of counsel as guaranteed by the Sixth Amendment to the Constitution of the United States and now to impose upon counsel the burden and obligation of trying to address himself in behalf of the probationer to a Court who has already robbed him of his discretion by already affirmatively announcing the ruling and affirmatively announcing that the probation was revoked, is to extend to the citizen probationer a hollow right. For these reasons and each of them we respectfully object and except to the action of the Court in seeking to impose sentence at this time or seeking to revoke the probation of the accused.

"THE COURT: Are you through?

"MR. BURNETT [DEFENSE COUNSEL]: Yes, sir."

It is difficult to understand defense counsel's contention that he was denied an opportunity to make an argument. No argument was requested by defense counsel. When the point was finally raised, and the court inquired whether he desired argument, no responsive answer was received. As to whether or not there is an "absolute right" to final argument in a probation revocation hearing, the question is not properly before this Court at this time. See Bowers v. State, 414 S.W.2d 929 (Tex. Cr.App.1967).

No abuse of discretion has been shown. The judgment is affirmed.