**Robert STOUT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47525.**

Court of Criminal Appeals of Texas.

Oct. 3, 1973.

Rehearing Denied Oct. 31, 1973.

**154**

Charles L. Rittenberry, Amarillo, for appellant.

Tom Curtis, Dist. Atty., Amarillo, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

This is an appeal from a revocation of probation.

On December 6, 1972, appellant was placed on probation after he pleaded guilty to the offense of possession of a dangerous drug, to wit: LSD; his punishment, a term of seven (7) years. Among the probationary terms imposed by the court was the following:

"(1) Remain within the confines of Potter, Randall, and Armstrong Counties of the State of Texas during the term of probation except by written permission of this court, to be filed with the clerk of this court."

The motion to revoke probation, filed on January 5, 1973, alleged a violation of the above provision as the sole ground for revocation.

Appellant contends that the evidence was insufficient to support the judgment revoking probation.

■ The trial court, at the close of the state's case, allowed the state to reopen after appellant's counsel pointed out the insufficiency of the evidence. It is well established that the court may "allow testimony to be introduced at any time before the argument of the cause is concluded." Freeman v. State, Tex.Cr.App., 491 S.W.2d 408; Butler v. State, Tex.Cr.App., 486 S.W.2d 331. Cf. Art. 36.02, V.A.C.C.P.

Proof was then adduced that no written permission to travel was on file.

Prior to this testimony the state adduced testimony through Potter County probation officers that appellant was in jail in Minnesota on December 28, 1972, and that he did not have permission to leave the specified counties.

Appellant did not testify at the hearing.

■ The trial court did not abuse its discretion in revoking appellant's probation. Stanford v. State, Tex.Cr.App., 437 S.W.2d 870; Duck v. State, Tex.Cr.App., 427 S.W.2d 884; Creamer v. State, Tex.Cr.App., 430 S.W.2d 500.

The judgment is affirmed.