IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-351-CR





JOSEPH NANUS,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 167TH JUDICIAL DISTRICT



NO. 0924504, HONORABLE MIKE LYNCH, JUDGE PRESIDING



 





PER CURIAM

 The district court found appellant guilty of driving while intoxicated, third offense,
and assessed punishment at imprisonment for five years and $1000 fine. Tex. Rev. Civ. Stat.
Ann. art. 6701l-1 (West Supp. 1994). The court suspended imposition of sentence and placed
appellant on probation.

 Appellant's first point of error is that the court fundamentally erred by admitting
the evidence of his previous convictions. Appellant suggests that he may not have had adequate
counsel at the trials of the previous offenses. He also hypothesizes that he may not have been
properly admonished of the consequences when he pleaded no contest in those cases. Appellant
does not refer us to evidence in the record supporting these suppositions. 

 The State proved the previous convictions by introducing certified copies of the
judgments and sentences. Appellant did not object to these exhibits on the grounds he now
advances. Both previous judgments recite that appellant was represented by counsel and
admonished of the consequences of his plea. In the absence of evidence to the contrary, these
judgments are presumed to be regular. See Chancy v. State, 614 S.W.2d 446 (Tex. Crim. App.
1981). Point of error one is overruled.

 In his second point of error, appellant complains that the court erred by permitting
the State to reopen for the purpose of offering an exhibit. A court shall allow testimony to be
introduced at any time before argument is concluded if it appears necessary to the due
administration of justice. Tex. Code Crim. Proc. Ann. art. 36.02 (West 1981). In this cause,
arguments had not concluded when the State was permitted to reopen. Appellant did not object
to the reopening. No abuse of discretion is shown. Stout v. State, 500 S.W.2d 153 (Tex. Crim.
App. 1973). Point of error two is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Aboussie and Jones

Affirmed

Filed: May 4, 1994

Do Not Publish