Affirmed as Modified and Majority and Dissenting Opinions filed May 12,
2009








Affirmed as Modified and Majority and Dissenting Opinions filed May 12, 2009.

 

                                                         

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00966-CR

_______________

 

TRENARD JERMAINE SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1098204

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N

This court should not reach the
merits of appellant=s only issue because appellant failed to preserve his
complaint for appellate review. But even absent this waiver, there would be no
error because article 36.02 of the Texas Code of Criminal Procedure, contained
in the chapter entitled AThe Trial Before the Jury,@ does not apply to probation-revocation hearings. Because the
majority reaches the opposite conclusion on both points, holding error was
preserved and that article 36.02 applies to probation-revocation hearings, I
most respectfully dissent. 

 








                                 This
court need not reach the merits of this appeal.

The majority addresses an interesting
issueCwhether article 36.02 applies to a
probation-revocation hearingCbut one this court need not reach today.  A careful review of
the record in light of the preservation-of-error rules shows that appellant has
waived his appellate complaint because the objection he voiced in the trial
court was insufficient to put the trial court on notice of the issue he raises
in this court.

Texas Rule of Appellate Procedure
33.1 governs preservation of error, and states, in pertinent part:

(a) In General.  As a prerequisite to
presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a
timely request, objection, or motion that:

(A) stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to
make the trial court aware of the complaint, unless the specific grounds were
apparent from the context . . . .[1]

 








This rule encompasses the concept of Aparty responsibility.@[2]  This means that appellant, as the
complaining party, had the responsibility of clearly conveying to the trial
court the particular complaint that he now raises on appeal, including Athe precise and proper application of
the law as well as the underlying rationale.@[3]  In its most recent discussion of
the preservation-of-error requirement, the Court of Criminal Appeals in Pena
v. State emphasized the rather exacting standard for preserving a complaint
for appellate review.[4] To avoid
forfeiting an appellate complaint, one must Alet the trial judge know what he
wants, why he thinks he is entitled to it, and to do so clearly enough for the
judge to understand him at a time when the judge is in the proper position to
do something about it.@[5]  

In determining whether an appellant
has preserved error, a reviewing court considers the context in which the
objection was made and the parties= shared understanding at that time.[6] 
The context for appellant=s objection to the State=s proffer of additional evidence was
after closing arguments in a probation-revocation hearing.








A probation-revocation hearing is not
a trial.[7]  Therefore,
when the State asked to reopen the evidence after closing arguments had ended,
appellant could have made at least two objections: (1) an objection that the
court should exercise its broad discretion over administrative matters such as
the probation-revocation hearing to not hear further evidence from the State
after the close of evidence; or (2) the argument appellant asserts in this
appealCthat the trial court had no
discretion and was required under article 36.02 to disallow the additional
evidence. These are two different objections. The first is based on
well-established non-statutory law.  The second is based on the notion that
article 36.02 applies to probation-revocation hearings.  Despite the difference
in these two objections, the only objection appellant voiced was, AAt this time, I would object to
proceeding any further.@  








Under rule 33.1, appellant=s trial objection was insufficient to
preserve error as to the complaint he now raises on appeal[8]
because appellant did not bring to the trial court=s attention the statutory argument he
raises in this courtCthat article 36.02 applied to the hearing and therefore the
trial court had no discretion to re-open evidence inasmuch as the closing
arguments for the hearing already had ended.  Appellant did not even mention
article 36.02 in the trial court.  Nor did appellant tell the trial court that
his objection to the State=s offer of additional evidence was based on the fact that
closing arguments had ended or that he believed that the trial court had no
discretion under the statute to re-open the evidence.        In concluding that
error was not preserved in Pena, the Court of Criminal Appeals
emphasized that, even though Pena obtained a ruling on his objections under the
Adue course of law@ clause, he did not inform the trial
court that he was asserting the burden of proof was easier for him to satisfy
under the Adue course of law@ clause than under the Fourteenth Amendment=s Due Process Clause.[9] 
Similarly, in the case at hand, appellant did not inform the trial court that
he was asserting that he had an easier burden of showing error (based on the
trial court=s mandatory duty under article 36.02 to deny the State=s motion to re-open the evidence
after closing arguments), rather than the burden of convincing the trial court
to exercise its discretion to deny the motion.  Given the cryptic nature of
appellant=s objection, the trial court judge would have been justified in believing
that appellant was asking him to exercise his discretion in the administrative
proceeding to not hear additional evidence from the State twenty-four minutes after
the State told the trial court it had no further evidence.[10] 
The trial court had the discretion to either overrule or sustain such an
objection based on well-established law that a probation-revocation hearing is
an administrative proceeding rather than a trial.[11] 
The other possible objection C the one appellant raises on appeal C is based on a legal argument that
has been embraced by only one intermediate court of appeals.[12] 









In the context in which appellant
lodged his objection, appellant did not clearly convey to the trial court Athe precise and proper application of
the law as well as the underlying rationale.@[13] Thus, appellant did not put the
trial court on notice that it should consider whether article 36.02=s limitation on reopening the
evidence applied to his probation-revocation hearing.  Therefore, appellant did
not preserve error.[14]  But even if
the issue had been preserved, it would provide no grounds for relief because
appellant=s argument is without merit.

                        Article
36.02 does not apply to probation-revocation hearings.

In his sole issue on appeal,
appellant asserts that the trial court erred in re-opening the evidence to
allow the admission of additional evidence offered by the State after the end
of closing arguments in his probation-revocation hearing.  The majority
concludes that (1) article 36.02 applies to probation-revocation hearings, (2)
the trial court erred in allowing the State to re-open the evidence after
closing arguments, and (3) the error, though harmless, necessitates
modification of the judgment.








Contrary to this court=s holding, article 36.02 does not
apply to probation-revocation proceedings.  Under the plain meaning of article
36.02, the statute=s mandatory deadline is triggered upon the conclusion of Athe argument of a cause.@[15]   At most, this language refers to
closing arguments on the merits in a criminal trial,[16]
not to closing arguments that the trial court may allow in some other hearing
that is not a criminal trial.[17] 








Under the plain meaning of article
42.12, section 5(b) of the Code of Criminal Procedure, what transpired in the
trial court below was a hearing, not the trial of a criminal cause.[18] 
The Court of Criminal Appeals has held that a probation-revocation hearing is
an administrative proceeding,[19] not a Atrial on the merits.@[20]  Accordingly, at
probation-revocation hearings, probationers Aneed not be afforded the full range
of constitutional and statutory protections available at a criminal trial.@[21] For this reason,
probation-revocation hearings differ from trials in material ways.  

For example, because double jeopardy
does not apply to probation-revocation hearings, even if the trial court denies
the State=s motion to revoke probation, the State can file a second motion to
revoke, alleging the exact same probation violations, and seeking to add more
evidence at the second hearing to prove the alleged violations.[22] 
While, in a criminal trial, the State must prove guilt beyond a reasonable
doubt, in a probation-revocation hearing, the State=s burden of proof is by a
preponderance of the evidence.[23]  Unlike in a
criminal trial, in a probation-revocation hearing, article 38.14 of the Texas
Code of Criminal Procedure (requiring that the testimony of an accomplice be
corroborated) does not apply,[24] the amount
of notice given to the probationer is not governed by the statutes regarding
notice of criminal trials,[25] and the
probationer has no right to a jury trial.[26] 
In sum, a probation-revocation hearing is not a criminal cause or the trial on
the merits of a criminal cause.  Therefore, by its own language, article 36.02
does not apply.[27]








The majority relies on Stout v.
State for the proposition that article 36.02 applies to
probation-revocation hearings.[28]  However,
the Stout court did not state that article 36.02 applies to
probation-revocation proceedings; rather, the Stout court cited the
statute using the introductory signal ACf.,@ which means that article 36.02 supports a different
proposition but one sufficiently analogous to lend some support.[29] 
In the thirty-six years since the Court of Criminal Appeals issued Stout,
no court has cited this opinion for the proposition that article 36.02 applies
to probation-revocation proceedings.  

The only issue before the Stout
court was whether the evidence was sufficient to support the revocation order.[30] 
In obiter dicta, the Court of Criminal Appeals stated that it is
well-established that a trial court may allow testimony to be introduced at any
time before the argument of the cause is concluded.[31] 
In Stout, the appellant did not challenge the trial court=s re-opening of the evidence, and the
propriety of this action was not relevant to analyzing the sufficiency of the
evidence.[32] In addition,
the trial court had re-opened the evidence before the end of the closing
arguments; therefore, the trial court had discretion to re-open the evidence
regardless of whether article 36.02 applied.[33] 









The Court of Criminal Appeals in Stout
did not hold that article 36.02 applies to probation-revocation proceedings. 
This conclusion is bolstered by the high court=s more recent observations in Rodriguez
v. State, a case involving a criminal nonjury trial rather than a probation-revocation
hearing.[34] Whether
article 36.02 applies to probation-revocation hearings and whether this statute
applies to criminal nonjury trials are two discrete issues.  Nonetheless, it
would be both illogical and contrary to precedent for a probationer in an
administrative proceeding to have greater rights than a defendant in a criminal
trial.[35]  Therefore,
if the Court of Criminal Appeals actually had held in Stout that article
36.02 applies to probation-revocation hearings, then surely the same rule would
apply in non-jury trials, and the high court would not have indicated in Rodriguez
that it had not yet addressed the Aimportant@ issue of whether this statute
applies to nonjury trials.[36]  This
observation by the Court of Criminal Appeals in Rodriguez strongly
suggests that the high court does not view Stout as standing for the
proposition that article 36.02 applies even in administrative contexts such as
probation-revocation hearings.[37] 








            Though it has been cited
to support the contrary proposition, Cantu v. State actually supports
the proposition that article 36.02 does not apply to probation-revocation
hearings.[38]  It is
important to note that, in Cantu, the trial court allowed the State to
re-open the evidence before the closing arguments concluded.[39] 
At this juncture, article 36.02 and the general rule are the sameCthe trial court has discretion to
re-open the evidence.  In this context, the Cantu court stated that article
36.02 Aapplies only to trials before the
jury@; however, the Cantu court
also concluded that Athe same general rule should be no less applicable to
probation hearings, which by their very nature are administrative in nature.@[40]  In sum, the Cantu court
stated that article 36.02 does not apply to administrative proceedings such as
probation-revocation hearings but that the trial court has discretion to
re-open the evidence in such hearings even absent the application of article
36.02.  

At least one other intermediate court of
appeals has addressed the issue.  In Freeman v. State, the Fort Worth
Court of Appeals appeared to conclude that (1) the probation-revocation hearing
was a trial, (2) the trial court=s
decision to revoke probation was its Averdict,@ and (3) article 36.02 applies to such hearings.[41] 
The analysis in Freeman is very brief, and for the reasons stated above,
this court should not follow Freeman.        

 

The trial court=s judgment should be affirmed without
modification.

In
conclusion, rather than finding error and conducting a harm analysis, this
court instead should hold that appellant did not preserve error as to his sole
issue on appeal.  Even if he had preserved his complaint for appellate review,
the court should overrule it because article 36.02 does not apply to
probation-revocation hearings. For these reasons, this court should affirm the
trial court=s judgment without modification. 

 

 

 

/s/        Kem
Thompson Frost

Justice

 

Panel consists of Justices Frost,
Brown, and Boyce. (Boyce, J., majority).

Publish C Tex.
R. App. P. 47.2(b).









[1]           Tex.
R. App. P. 33.1.  





[2]           See Pena v. State, No. PD-1411-07, CS.W.3dC,C, 2009 WL 928594, at *3 (Tex. Crim. App. Apr. 8,
2009).  





[3]           Id. 





[4]           See id.





[5]           Id.  





[6]           See id.





[7]           See
Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (Vernon Supp. 2009) (describing proceeding that occurred in the
instant case as Aa hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge . . .
reviewable in the same manner as a revocation hearing conducted under Section
21 of this article@); Jones v. State, 728 S.W.2d 801, 803 (Tex.
Crim. App. 1987) (holding that a probation-revocation hearing is not a criminal
trial and therefore that it did not fall under the term Atrial on the merits@ in
the magistrate statute); Davenport v. State, 574 S.W.2d 73, 75 (Tex.
Crim. App. 1978) (holding that, because probation-revocation hearings are not
criminal trials but rather administrative proceedings at which a probationer Aneed not be afforded the full range of constitutional
and statutory protections available at a criminal trial,@ double jeopardy does not apply to these hearings and
a second motion to revoke can be filed asserting the exact same violations,
even after the trial court denied the first motion);  Scamardo v. State,
517 S.W.2d 293, 297 (Tex. Crim. App. 1974) (holding that, because
probation-revocation hearings are not criminal trials, the State=s burden of proof in a probation-revocation hearing is
only by a preponderance of the evidence); Gonzalez v. State, 456 S.W.2d
53, 57 (Tex. Crim. App. 1970) (holding that, because probation-revocation hearings
are not criminal trials, article 38.14, requiring that the testimony of an
accomplice be corroborated, does not apply in a probation-revocation hearing,
such that probation can be revoked based on uncorroborated testimony of
accomplice); Gist v. State, 267 S.W.2d 835, 836 (Tex. Crim. App. 1954)
(holding that, because probation-revocation hearings are not criminal trials,
the amount of notice given to the probationer was within the discretion of the
trial court and was not governed by statutes for giving notice of criminal
trials);  Wilson v. State, 240 S.W.2d 774, 776 (Tex. Crim. App. 1951)
(holding that, because probation-revocation hearings are not criminal trials
and are not required to be conducted as a criminal trial, probationer had no
right to a jury trial for a probation-revocation hearing); Harvey v. State,
821 S.W.2d 389, 392B93 (Tex. App.CHouston
[14th Dist.] 1991, pet. ref=d) (holding
that double jeopardy did not apply and that Aprobation
revocation hearings are administrative in nature@).

 





[8]           See Tex. R. App. P. 33.1(a); Pena, 2009 WL 928594, at *3B4 (holding that appellant did not preserve error in
the trial court because, though he objected various times based on the Texas
Constitution=s Adue course of
law@ clause, he did not make the trial court aware that he
was arguing that the Adue course of law@
clause provides greater protection than federal due process, which was the
basis of other objections by appellant to the same evidence).  





[9]           See Pena, 2009 WL 928594, at
*3B4. 





[10]         See Butler v. State, 486 S.W.2d 331,
333B34 (Tex. Crim. App. 1972) (stating, in obiter dicta,
that trial court abused its discretion by denying appellant=s motion to re-open the evidence, which was made after
the end of closing arguments in probation-revocation hearing, thus indicating
in dicta that trial courts have discretion to re-open the evidence after
closing arguments in such hearings).





[11]         Pena, 2009 WL 928594  at *3
(emphasizing that appellant=s appellate
complaint was a novel legal theory whereas an alternative legal standard was
well-established).  In any event, this is not the complaint appellant is
asserting on appeal.





[12]         See Freeman v. State, 917 S.W.2d 512,
514 (Tex. App.CFort Worth 1996, no pet.). 





[13]         See Pena, 2009 WL 928594, at *3.  





[14]         The majority relies upon Lankston v. State. 
See 827 S.W.2d 907 (Tex. Crim. App. 1992); ante at p. 4, n.2. 
However, Lankston is not on point because, in that case, due to the
prosecutor=s specific questions, as well as the trial judge=s comments when ruling, the record in Lankston
clearly showed that all parties knew the nature of appellant=s objection.  See Lankston, 827 S.W.2d at 909B911.  In contrast, in this case, nothing in our record
suggests that the trial court was aware of appellant=s novel argument that article 36.02 applies to
hearings that are not criminal trials. The majority also cites Lankston
for the proposition that a Aspecial script@ need not be recited to preserve error and that  the
focus of the inquiry is on whether the party effectively communicated his
appellate complaint to the trial court.  See ante at p.4, n.2 (quoting Lankston,
827 S.W.2d at 909).  Nonetheless, the Court of Criminal Appeals recently
stressed that the complaining party must clearly convey to the trial court Athe precise and proper application of the law as well
as the underlying rationale@ in order to
effectively communicate his complaint.  See Pena, 2009 WL 928594, at
*3.  





[15]         Tex.
Code Crim. Proc. Ann. art. 36.02
(emphasis added).





[16]         In federal courts and in many state courts,
during criminal trials on the merits, the trial court has discretion to re-open
the evidence even after the end of closing arguments. See, e.g.,
United States v. Crawford, 533 F.3d 133, 137B38 (2d Cir. 2008); Davis v. United States, 735 A.2d 467, 471B72 (D.C. 1999); People v. Padfield, 307 N.E.2d
183, 186B87 (Ill. App. Ct.  1974); State v. Hoover, 621 S.E.2d
303, 305 (N.C. Ct. App. 2005).  The Texas legislature, however, has modified
the general rule in criminal jury trials by setting the end of closing
arguments as the point in the trial after which the trial court has no
discretion to re-open the evidence. See Tex. Code Crim. Proc.
Ann. art. 36.02.  The Texas legislature chose the following language to
express its intent:

 

The court shall allow testimony to be introduced at
any time before the argument of a cause is concluded, if it appears that
it is necessary to a due administration of justice.

 

Id. (emphasis added). While it is clear that article 36.02
applies in criminal jury trials, there are arguments on both sides of the issue
as to whether this statute applies in criminal nonjury trials.  As the majority
correctly observes, notwithstanding a statement to the contrary in an
unpublished opinion from the El Paso Court of Appeals, the Court of Criminal
Appeals recently indicated that it has not yet decided whether article 36.02
applies to nonjury trials.  Compare Rodriguez v. State, No.
PD-0869-05, 2006 WL 2706859, at *3B4
(Tex. Crim. App. Sept. 20, 2006) (per curiam, not designated for publication)
(indicating that Court of Criminal Appeals has not yet addressed this issue), with
Rodriguez v. State, No. 08-03-00459-CR, 2008 WL 963865, at *2 (Tex. App.BEl Paso Apr. 10, 2008, pet. ref=d) (not designated for publication) (indicating that
Court of Criminal Appeals addressed this issue in Lockett v. State, 55
S.W. 336 (Tex. Crim. App. 1900), a case that actually involved a criminal jury
trial). Texas intermediate courts of appeals have rendered conflicting decisions
on the issue.  Although this court has not addressed whether article 36.02
applies in nonjury trials, the court need not do so today because, as explained
above, this case involves no trial.





[17]         See Gilbert v. State, 874 S.W.2d 290,
292B93 (Tex. App.CHouston
[1st Dist.] 1994, pet. ref=d) (using this
rationale to hold that article 36.02 does not apply to hearings on motions to
suppress); Montalvo v. State, 846 S.W.2d 133, 137 (Tex. App.CAustin 1993, no pet.) (same as Gilbert). 





[18]         See
Tex. Code Crim. Proc. Ann. art. 42.12, ' 5(b) (describing proceeding that occurred in the instant case as Aa hearing limited to the determination by the court of
whether it proceeds with an adjudication of guilt on the original charge . . .
reviewable in the same manner as a revocation hearing conducted under Section
21 of this article@). 





[19]         Davenport, 574 S.W.2d at 75.





[20]         Jones, 728 S.W.2d at 803.





[21]         Davenport, 574 S.W.2d at 75.





[22]         See id.; Harvey, 821 S.W.2d at
392B93.





[23]         Scamardo, 517 S.W.2d at 297.





[24]         Gonzalez, 456 S.W.2d at 57.





[25]         Gist, 267 S.W.2d at 836.





[26]         Wilson, 240 S.W.2d at 776.





[27]         Though, as noted by the majority, the State
has not argued the inapplicability of article 36.02 on appeal, this failure
does not obviate the need for this court to make this legal determination.  See
Saldano v. State, 70 S.W.3d 873, 884 (Tex. Crim. App. 2002).





[28]         See 500 S.W.2d 153 (Tex. Crim. App.
1973).





[29]         See The
Bluebook, A Uniform System of Citation 47 (Columbia Law Review Ass=n et al. eds.,18th
ed. 2005). 





[30]         See id.





[31]         See Stout, 500 S.W.2d at 154.





[32]         See generally Conner v. State, 67
S.W.2d 192, 197 (Tex. Crim. App. 2001) (stating that appellate courts consider
all admitted evidence, even erroneously admitted evidence, in determining the
sufficiency of the evidence).





[33]         See Stout, 500 S.W.2d at 154.





[34]         See Rodriguez, 2006 WL 2706859,
at *1.





[35]         See Davenport, 574 S.W.2d at 75
(stating that probation-revocation hearings are not criminal trials but rather
administrative proceedings at which a probationer Aneed not be afforded the full range of constitutional
and statutory protections available at a criminal trial@). 





[36]         See Rodriguez, 2006 WL 2706859, at
*3.  





[37]         See Rodriguez, 2006 WL 2706859,
at *3B4; see also n.16, supra. 





[38]         See 662 S.W.2d 455, 458 (Tex. App.CCorpus Christi 1983, no pet.).





[39]         See id. at 456B57. 





[40]         Id. at 458. 





[41]         See 917 S.W.2d 512, 514 (Tex. App.CFort Worth 1996, no pet.).