Affirmed as Modified and Majority and Dissenting Opinions filed May 12,
2009








Affirmed as Modified and Majority and Dissenting Opinions filed May 12, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00966-CR

_______________

 

TRENARD JERMAINE SMITH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

                                                                                                                                               


On Appeal from the 174th District Court

Harris County, Texas

Trial Court Cause No. 1098204

                                                                                                                                               


 

M A J O R I T Y   O P I N I O N

Appellant Trenard Jermaine Smith
challenges the sentence assessed following the trial court=s finding that he violated the terms
of his community supervision after pleading guilty to possession of a
controlled substance with intent to deliver.  The trial court assessed
punishment as confinement for 30 years.  Appellant contends that the trial
court erred in reopening the adjudication hearing after the State and the
defense rested and delivered closing arguments.  We affirm the judgment as
modified.








Background

Appellant was charged on December 28,
2006 with possession of between four and 200 grams of cocaine with intent to
deliver.  On January 8, 2007, appellant waived indictment and pleaded guilty to
this offense in open court.  The trial court sentenced appellant to deferred
adjudication and five years of community supervision pursuant to the State=s recommendation.

At the January 8 hearing, the trial
court admonished appellant regarding the terms and conditions of his community
supervision.  The trial court informed appellant that any violation of these
terms and conditions could subject him to any punishment within the statutory
range for the offense charged.  The trial court notified appellant that the
offense charged was a first degree felony punishable by imprisonment from five
to 99 years.

On April 29, 2007, appellant was
arrested after allegedly robbing Jose Herrera at gunpoint.  On May 3, 2007, the
State filed a motion to adjudicate guilt that alleged 12 violations by
appellant of the terms and conditions of his community supervision, including
the armed robbery of Herrera.  

On September 11, 2007, the trial
court began a hearing on the State=s motion to adjudicate appellant=s guilt.  Appellant waived formal
reading of the motion and pleaded not true to the alleged violations of his
community supervision.

During the September 11 hearing,
Houston Police Officer Randy West testified regarding his investigation into
the armed robbery of Jose Herrera on April 29, 2007.  After presentation of
three witnesses by the State, both sides rested, closed, and delivered closing
arguments.  Herrera did not testify before closing arguments.  Appellant argued
for a sentence Ain the minimum range of punishment,@ while the State argued for a
sentence of confinement for at least 20 years.








The trial court found that appellant
violated his community supervision in that he failed to (1) report to his
community supervision officer; (2) perform community service; (3) obtain an
evaluation for drug treatment; (4) make efforts to begin drug treatment and
aftercare via the STAR Drug Court Program; (5) provide and remain at the same
address; and (6) obtain an offender identification card.  The trial court
stated that there was Aevidence of other very serious, perhaps even more serious
violations,@ but made no findings with regard to those allegations.  The trial court
then found appellant guilty of the first degree felony offense of possession of
a controlled substance with intent to deliver, ordered a pre-sentence
investigation report, and went into recess.

The trial court allowed the State to
reopen the hearing 24 minutes later to present testimony from Jose Herrera
about being robbed by appellant at gunpoint.  The following exchange occurred:

COURT:         All
right.  Let the record reflect that we recessed earlier in 1098204, the State
of Texas versus Trenard Jermane [sic] Smith.  The Court had made certain
findings, not made other findings.  The Court has now been apprised that their
witness, Jose Herrera, is now present.  The court is going to allow the State
to reopen.  The Court is going to do that for the reason that the testimony of
Mr. Herrera would certainly be relevant and admissible on the matter of
punishment, which the Court is now considering in Cause No. 1098204.  It would
be supercilious to rule that while it would be admissible if _ for punishment, it would be
inadmissible, since this is not some 24 minutes after the Court had made its
previous findings.

The Court is
going to allow the State to reopen and present that testimony for the substance
of the violations of probation.

Both sides
ready to proceed again?

STATE:           Yes,
your Honor.

COUNSEL:    At
this time, I would object to proceeding any further.  I would ask the record to
reflect C

COURT:         Your
objection will be overruled.

Call your
next.








The State then called Herrera.  The
trial court recessed the proceedings after Herrera=s testimony.

On November 12, 2007, the trial court
reconvened to sentence appellant.  Both sides again delivered closing arguments
and repeated their sentencing requests from the closing arguments of September
11.  The trial court found the allegations Awith regard to committing the felony
offense of aggravated robbery are true.@  

The trial court sentenced appellant
to confinement for 30 years for the felony offense of possession of a
controlled substance with intent to deliver.  The trial court=s written judgment signed on November
12, 2007 reflects commission of an offense against the state of Texas as the
only violation of the terms and conditions of community supervision committed
by appellant.[1]

Analysis

I.          Did
the Trial Court Err When It Reopened the Adjudication Hearing?

Relying on article 36.02 of the Texas
Code of Criminal Procedure, appellant contends that the trial court erred in
reopening the adjudication hearing after both sides rested and delivered closing
arguments.  We address this argument on the merits.[2]








A.        Does
Article 36.02 Apply to an Adjudication Hearing?

As a threshold matter, we consider
whether article 36.02 applies to a probation-revocation hearing.  Article 36.02
reads in full: AThe court shall allow testimony to be introduced at any time before
the argument of a cause is concluded, if it appears that is necessary
to a due administration of justice.@  Tex. Code Crim. Proc. Ann. art.
36.02 (Vernon 2007) (emphasis added).

The Court of Criminal Appeals
recently suggested that article 36.02=s application to Atrial without jury@ has not been resolved.  See
Rodriguez v. State (Rodriguez I), No. PD-0869-05, 2006 WL 2706859,
at *2 (Tex. Crim. App. Sept. 20, 2006) (per curiam, not designated for
publication).  The Court of Criminal Appeals decided Rodriguez I on
other grounds, appearing to leave the question of article 36.02=s applicability to non-jury trials
unsettled.  See id. (AThe issue of whether Article 36.02 applies to trial without
jury is important.  It is not clear that the issue is squarely before us.@).  Rodriguez I arose
in the context of a bench trial, not a probation-revocation hearing.  See
id. at *1.








Courts of appeals have reached
differing conclusions regarding article 36.02=s applicability specifically to
probation-revocation hearings and related proceedings.  Compare Peacock v.
State, 27 S.W.3d 657, 659 (Tex. App.CWaco 2000) (article 36.02
inapplicable to pre-revocation hearing on motion to dismiss revocation motion
for lack of due diligence), rev=d on other grounds, 77 S.W.3d 285 (Tex. Crim. App.
2002), with Freeman v. State, 917 S.W.2d 512, 514 (Tex. App.CFort Worth 1996, no pet.) (applying
article 36.02 to hearing on motion to revoke community supervision), and
Cantu v. State, 662 S.W.2d 455, 458 (Tex. App.CCorpus Christi 1983, no pet.) (AAlthough Art. 36.02 . . . applies
only to trials before the jury, the same general rule should be no less
applicable to probation hearings, which by their very nature are administrative
in nature@).  However, the Court of Criminal Appeals previously has applied article
36.02 specifically to a probation revocation hearing.  See Stout v. State,
500 S.W.2d 153, 154 (Tex. Crim. App. 1973).

In Stout, the appellant was
placed on probation after pleading guilty to possession of LSD.  Id. at
154.  Among other conditions of probation, he was required to A[r]emain within the confines of
Potter, Randall, and Armstrong Counties of the State of Texas during the term
of probation except by written permission of this court, to be filed with the
clerk of this court.@  Id.  The State asked the trial court to revoke
probation based on an alleged violation of this condition.  Id.  During
the revocation hearing, Potter County probation officers testified that
appellant had been jailed in Minnesota at a time when he did not have
permission to leave the specified counties.  Id.  In response to
appellant=s challenge at the close of the State=s case to the sufficiency of the
evidence, the  trial court allowed the State to reopen the evidence and adduce
additional proof that no written permission to travel was on file with the clerk. 
Id.  The trial court then revoked appellant=s probation.  Id.

The Court of Criminal Appeals held
that the trial court did not abuse its discretion in revoking appellant=s probation.  Id.  In so
doing, the Court of Criminal Appeals (1) expressly noted that the trial court
had allowed the State to reopen the evidence at the close of the State=s case and introduce additional
evidence; and (2) stated as follows:  AIt is well established that the court
may >allow testimony to be introduced at
any time before the argument of the cause is concluded.=@ Id. (citing Freeman v.
State, 491 S.W.2d 408 (Tex. Crim. App. 1973), Butler v. State, 486
S.W.2d 331 (Tex. Crim. App. 1972), and article 36.02).[3]








We conclude that the threshold
question of article 36.02=s applicability to a probation-revocation hearing is resolved
by Stout, and that article 36.02 applies here.[4] 
The State does not argue otherwise.  Instead, the State argues that article
36.02 was not violated; alternatively, the State argues that any violation of
Article 36.02 was harmless error.

B.        Did
the Trial Court Violate Article 36.02?

Ordinarily, we review a trial court=s decision on a motion to reopen for
abuse of discretion.  Peek v. State, 106 S.W.3d 72, 79 (Tex. Crim. App.
2003).  Article 36.02 acts as a limitation on the trial court=s discretion to reopen a proceeding
and hear more evidence once argument has concluded.  See Rodriguez v. State
(Rodriguez II), No. 08-03-00459-CR, 2008 WL 963865, at *2 (Tex. App.CEl Paso Apr. 10, 2008, pet. ref=d) (not designated for publication). 
According to the State, A[T]he main issue in this case is whether the argument of the
cause had concluded before Herrera took the stand.@








The circumstances here parallel those
in Rodriguez II and Allman v. State, 164 S.W.3d 717 (Tex. App.CAustin 2005, no pet.), with regard to
determining when argument has concluded.  In Rodriguez II, the defendant
was found guilty of felony DWI by the trial court.  Rodriguez II, 2008
WL 963865, at *1.  At trial, both sides rested and made brief closing
arguments.  Id.  After closing arguments, the trial court asked if
evidence had been presented regarding the defendant=s previous DWI convictions in the
enhancement paragraphs alleged.  Id.  The prosecution made a motion to
reopen its case, which was granted over defense counsel=s objection.  Id.  Following
introduction of evidence of the defendant=s previous DWI convictions, the two
sides rested again, this time without presenting further arguments.  Id. 
The trial court found the defendant guilty and then sentenced him.  Id.

The El Paso Court of Appeals stated
that Athe determination of whether argument
had ended must be made on a case-by-case basis.  The reviewing court must
examine the records as a whole in light of the totality of the circumstances of
the trial.@  Id. at *2.  The court further opined that once a court begins
the deliberation process in a unitary trial, argument has definitely ended.  Id. 
The court then held that argument in the case had concluded before the trial
court reopened the proceeding, and that the trial court therefore violated
article 36.02.  Id. at *3.

The State argues that the decision of
the court in a unitary trial is not fixed until judgment has been rendered on
both guilt and punishment, and that argument therefore has not concluded until
after pronouncement of sentence.  The State relies on Barfield v. State,
63 S.W.3d 446, 448-51 (Tex. Crim. App. 2001), to support this assertion.  But Rodriguez
II held that Barfield is Anot applicable since no further
evidence could be presented after arguments had concluded.@  Rodriguez II, 2008 WL
963865, at *3.  The State asserts that ARodriguez [II] will almost certainly be
overruled by the Court of Criminal Appeals.@  To the contrary, the Court of
Criminal Appeals refused the State=s petition for discretionary review
on September 10, 2008.  In light of the analysis found in Rodriguez II
concerning this point, we conclude that the State misplaces its reliance on Barfield.








In Allman, the defendant
pleaded guilty to manufacturing methamphetamine.  Allman, 164 S.W.3d at
718.  The trial court accepted the defendant=s guilty plea, but withheld its
verdict while awaiting a pre-sentencing report.  Id. at 719.  Trial
resumed six weeks later, at which point the defendant presented testimony that
he was cooperating with Georgia authorities on a pending case against family
members in that state.  Id.  Both sides then rested and delivered
closing arguments.  Id.  

Following the noon recess, the
prosecutor told the trial court that he had spoken with Georgia authorities
during the recess and that they refuted the defendant=s claim of cooperation.  Id.
at 719-20.  The prosecution then moved to reopen the case, which the trial
court granted over defense counsel=s objection.  Id. at 720. 
Both sides and the court questioned the defendant about the Georgia offenses,
after which both sides again rested and gave brief closing arguments.  Id. 
The trial court again adjudged the defendant guilty and imposed sentence.  Id.

The Austin Court of Appeals held that
argument in the case had concluded prior to the noon recess, and that A[w]hatever the trial court might have
believed or desired, article 36.02 prohibited further evidence at that point in
the proceeding.@ Id. at 720-21.  Recognizing that a bench trial is
often conducted with less formality than a jury trial, the court nonetheless
held that the trial court clearly violated article 36.02.  Id. at 721.

The record in this case establishes
the following: (1) the trial court heard testimony regarding numerous
violations of community supervision, and from Officer West regarding the armed
robbery committed against Herrera; (2) both sides rested, closed, and delivered
closing arguments; (3) the trial court found that appellant committed six
violations but expressly made no finding that he committed armed robbery; (4)
the trial court found appellant guilty, ordered a pre-sentence report, and went
into recess; (5) the trial court reopened the hearing 24 minutes later over
appellant=s objection to hear testimony from Herrera regarding the armed robbery Afor the substance of the violations
of probation;@ (6) the trial court reconvened for sentencing two months later, at which
time both sides again delivered closing arguments and repeated their previous
sentencing requests; and (7) the trial court then found the allegations that
appellant committed felony aggravated armed robbery to be true and sentenced
appellant to confinement for 30 years.








These circumstances demonstrate that
argument concluded once both sides had rested, closed, and delivered closing
arguments on September 11, 2007.  As a result, the trial court abused its
discretion and violated article 36.02 by reopening the proceeding to allow
Herrera=s testimony after argument had
concluded.  See Rodriguez II, 2008 WL 963865, at *3; Allman,
164 S.W.3d at 721. 

II.        Was
the Error Harmless?

Having decided that the trial court
violated article 36.02 by reopening the adjudication hearing for admission of
additional evidence, we now must determine if this error requires reversal.

We disregard non-constitutional
errors that do not affect substantial rights.  Tex. R. App. P. 44.2(b).  To
determine whether an error affected a substantial right in a non-jury case, we
consider whether the error denied the complaining party some right to which he
was legally entitled.  See Johnson v. State, 72 S.W.3d 346, 348 (Tex.
Crim. App. 2002).  In determining harm, we consider the entire record.  See
id. at 349.  If it appears that a non-constitutional error did not
influence the result or had only a slight effect, we should not overturn a
criminal conviction.  See Cruz v. State, 122 S.W.3d 309, 315 (Tex. App.CHouston [1st Dist.] 2003, no pet.).

The weight of the evidence of a
defendant=s guilt is a relevant factor in conducting a harm analysis under Rule
44.2(b).  Motilla v. State, 78 S.W.3d 352, 360 (Tex. Crim. App. 2002). 
The character of the alleged error and how it may be considered in connection
with other evidence in the case also are relevant.  Id. at 359.








We conclude that appellant cannot
establish harmful error on this record.  When several violations of the terms
and conditions of community supervision are found by the trial court, the order
revoking community supervision shall be affirmed if the proof of any alleged
violation is sufficient.  Moore v. State, 11 S.W.3d 495, 498 (Tex. App.CHouston [14th Dist.] 2000, no pet.); Hart
v. State, No. 14-08-00612-CR, 2009 WL 508206, at *1 (Tex. App.CHouston [14th Dist.] Mar. 3, 2009, no
pet.).  The trial court made explicit findings that appellant violated his
community supervision in that he failed to (1) report to his community
supervision officer; (2) perform community service; (3) obtain an evaluation
for drug treatment; (4) make efforts to begin drug treatment and aftercare via
the STAR Drug Court Program; (5) provide and remain at the same address; and
(6) obtain an offender identification card.  Because any one of these
violations alone would be sufficient to affirm the trial court=s order, appellant cannot show that
he was harmed by any erroneously admitted testimony by Herrera that was
unrelated to these six specific findings.  See Moore, 11 S.W.3d
at 498; Hart, 2009 WL 508206, at *1.

The sufficiency of the above findings
to support the sentence imposed on appellant distinguishes this case from Allman
and Rodriguez II, in which the violations of article 36.02 constituted
harmful error.

The defendant in Rodriguez I
and II was accused of driving while intoxicated and having two prior DWI
convictions, thus enhancing to a felony an offense that otherwise would have
been a misdemeanor.  Rodriguez I, 2006 WL 2706859, at *1 (citing Tex.
Penal Code Ann. _ 49.09(b) (Vernon 2003)).  The trial court heard no evidence establishing
the two prior convictions until after reopening the case.  Id. at
*1-*2.  After hearing this additional evidence, the court found the defendant
guilty of the felony offense.  Id. at *2.  Because the court could not
have found the defendant guilty of a felony without the additional evidence,
the defendant was harmed by the violation.  See Rodriguez II, 2008 WL
963865, at *3.

Here, in contrast to Rodriguez
I and II, the trial court made findings before reopening the case
that independently were sufficient to support the sentence ultimately
pronounced.  These circumstances differ from Rodriguez I and II,
where the felony offense was legally unsupportable without the additional
evidence.  See id.








In Allman, the defendant was
arrested in Georgia and charged with manufacturing methamphetamine and several
related offenses while free on bond following his arrest for manufacturing
methamphetamine in Texas.  Allman, 164 S.W.3d at 719.  The only charge
the defendant faced in Texas was the manufacturing charge, to which he pleaded
guilty.  See id.  The defendant told his probation officer that all
charges in Georgia were dropped except a minor traffic violation because he was
cooperating with Georgia authorities in a case against his father-in-law; this
information was included in the pre-sentencing report given to the trial
court.  Id.  The defendant also testified in court that he was
cooperating with Georgia authorities and had nothing to do with his in-laws= unlawful activities there.  Id. 
The defendant requested community supervision, citing his cooperation with
Georgia authorities.  Id.

The trial court heard no other
evidence regarding the Georgia charges or the defendant=s asserted cooperation until after
reopening the case.  Id. at 719-20.  The trial judge stated as he
reopened the case: A[M]y concern was . . . to see if what the defendant said was
in fact true, because it would make a difference as to _ or possibly could make a difference
as to what this Court would do.@  Id. at 720.  The first condition of community
supervision found in the statutory list is that the defendant A[c]ommit no offense against the laws
of this State or of any other State or the United States.@  Tex. Code Crim. Proc. Ann. art.
42.12, _ 11(a)(1) (Vernon 2007).  The trial
court sentenced the defendant to confinement for 25 years after hearing
evidence that he still was facing drug charges and was not cooperating with
Georgia authorities.  Allman, 164 S.W.3d at 720.  Based on the length of
sentence imposed for the defendant=s lone Texas offense and the trial
court=s statement that the belated evidence
Apossibly could@ affect its sentencing decision, the
court of appeals held that the article 36.02 violation harmed the defendant.  Id.
at 721.

Here, in contrast to Allman,
the additional evidence at issue did not contradict earlier testimony offered
in an effort to obtain leniency.  See id. at 720-21.  Further, unlike Allman,
the trial court here gave no indication on the record that the additional
evidence could make a difference as to the sentence imposed.  See id. at
721.  We conclude that appellant has failed to show harmful error from the
trial court=s violation of article 36.02.  See Johnson, 72 S.W.3d at 348-49; Cruz,
122 S.W.3d at 315; Tex. R. App. P. 44.2(b).








This conclusion is reinforced because
a penalty assessed within the proper punishment range generally will not be
disturbed on appeal.  Buerger v. State, 60 S.W.3d 358, 363 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d) (citing Jackson v. State,
680 S.W.2d 809, 814 (Tex. Crim. App. 1984)).  Possession of between four and
200 grams of cocaine with intent to deliver is punishable by confinement for no
less than five and no more than 99 years and a fine of up to $10,000.  See
Tex. Health & Safety Code Ann. _ 481.112(d) (Vernon 2003); Tex. Penal Code Ann. _ 12.32(a), (b) (Vernon 2003). 
Appellant received a sentence on the lower end of the range permitted by the
statute.  Considering the weight of the evidence and the entirety of the
record, as we must, we cannot say that Herrera=s untimely testimony affected a
substantial right of appellant because he had no right under the governing
statute to receive a lower sentence than the trial court imposed.  See Johnson,
72 S.W.3d at 348-49; Cruz, 122 S.W.3d at 315.








The circumstance remains that the
trial court=s judgment relies on the armed robbery of Herrera, but the court=s oral pronouncement relies on other
community supervision violations.  When there is a conflict between the oral
pronouncement of sentence in open court and the sentence set out in the written
judgment, the oral pronouncement controls.  Thompson v. State, 108
S.W.3d 287, 290 (Tex. Crim. App. 2003).  The solution in such a situation is to
modify the written judgment to conform to the trial court=s oral pronouncement.  See id. 
The same conclusion applies here with respect to the conflict between the trial
court=s oral pronouncement of the findings
supporting revocation of community supervision and the later written judgment. 
See id.; see also Smith v. State, 790 S.W.2d 366, 368 (Tex. App.CHouston [1st Dist.] 1990, pet. ref=d) (modifying order revoking
probation to include trial court=s oral pronouncement that defendant
failed to maintain employment); Moakler v. State, No. 01-00-00945-CR,
2003 WL 1889094, at *2 (Tex. App.CHouston [1st Dist.] Apr. 17, 2003, no
pet.) (mem. op., not designated for publication) (modifying order revoking
community supervision to include failure to register as a sex offender); Turner
v. State, No. 05-02-00329-CR, 2002 WL 31151226, at *2 (Tex. App.CDallas Sept. 27, 2002, no pet.) (not
designated for publication) (modifying order revoking probation to delete
failure to perform community service where trial court made no oral
pronouncement finding the allegation to be true); Tex. R. App. P. 43.2(b).

The record reflects at least six
violations of the terms and conditions of community supervision committed by
appellant.  The trial court made explicit oral findings that appellant
committed those violations, and that they warranted revocation of appellant=s community supervision and issuance
of an active sentence of confinement.  Because the record supplies sufficient
information to make the written judgment conform with the oral pronouncement
and findings of the trial court, we modify the written judgment to reflect the
six violations explicitly found by the trial court during the adjudication
hearing.  See Tex. R. App. P. 43.2(b).

We overrule appellant=s issue regarding the trial court=s decision to reopen the adjudication
hearing to allow Herrera=s testimony, and we modify the trial court=s written judgment to reflect the
oral pronouncement of the trial court.

Conclusion

The trial court=s judgment is affirmed as modified.

 

 

 

/s/        William J. Boyce

Justice

 

Panel consists of Justices Frost,
Brown, and Boyce.  (Frost, J., dissenting).

Publish C Tex. R. App. P. 47.2(b).









[1]           Article 42.12, section 5(b) of the Code of
Criminal Procedure was amended during the 2007 legislative session to allow
appeals from a decision to adjudicate guilt.  Act of June 15, 2007, 80th Leg.,
R.S., ch. 1308, _ 5, 2007 Tex. Sess. Law Serv. ch. 1308.  The amended
statute took effect on June 15, 2007, and the new provision applies only to a
hearing conducted on or after that date.  Because appellant=s hearing was held on September 11, 2007, we have
jurisdiction over this appeal.





[2]           Contrary to the dissent, we conclude that
appellant=s timely objection in the trial court preserved this
issue for appeal.  A[W]hen it seems from context that a party failed
effectively to communicate his desire, then reviewing courts should not
hesitate to hold that appellate complaints arising from the event have been
lost.@  Lankston v. State, 827 S.W.2d 907, 909 (Tex.
Crim. App. 1992) (en banc).  ABut otherwise,
they should reach the merits of those complaints without requiring that the
parties read some special script to make their wishes known.@  Id.  In light of the colloquy between
appellant=s counsel and the trial court, we are satisfied that
appellant Aeffectively . . . communicate[d] his desire,@ and that the trial court understood the nature of
appellant=s objection even if the objection itself did not
reference a specific statutory provision.  The objection suffices when viewed
in context.  See id. at 909-911; see also Clarke v. State, 270
S.W.3d 573, 579-80 (Tex. Crim. App. 2008) (citing Lankston, 827 S.W.2d
at 909).  This conclusion is underscored by the trial court=s action in abruptly overruling the objection while
appellant=s counsel was in mid-sentence, and immediately
directing the State to call its next witness.





[3]           We disagree with the dissent=s narrow reading of Stout, and with its
reliance on an introductory ACf.@ signal preceding Stout=s citation of article 36.02 to limit the opinion=s reach.  The phrase Aallow testimony to be introduced at any time before the argument of the
cause is concluded@ as quoted in Stout appears nowhere in Freeman
or Butler.  The quoted phrase appears in article 36.02, with the
opinion using Athe@ in place of Aa@ before Acause.@  Stout=s express invocation of the quoted phrase from article
36.02 goes beyond mere reliance upon an analogous authority.  The dearth of
subsequent citations to Stout says more about the infrequency of appeals
focusing on article 36.02=s applicability to probation-revocation hearings than
it does about the scope of Stout=s
holding.  The dissent also misplaces its reliance on Rodriguez I, 2006
WL 2706859, at *3-4.  In light of the dissent=s premise that a probation-revocation hearing is not a Atrial,@ a passing
statement in Rodriguez I regarding article 36.02=s applicability to a Atrial without jury@ does not
address whether article 36.02 applies to proceedings other than a Atrial without jury.@ 
Additionally, the phrase ATrial Before the Jury@ in the title to Chapter 36 does not limit article 36.02=s scope.  See, e.g., Wheat v. State, 165 S.W.3d
802, 805 n.3 (Tex. App.CTexarkana 2005, pet. ref=d, untimely filed) (citing Tex. Gov=t
Code Ann. ' 311.024 (Vernon 2005) and Tex. Code Crim. Proc. Ann.
art. 101.002 (Vernon Supp. 2004-2005)).





[4]           Stout=s application of article 36.02 to a probation-revocation hearing
renders unnecessary the dissent=s analysis of
whether a revocation hearing qualifies as a Atrial.@  Even taking as a given that a probation-revocation
hearing is not a trial for purposes of certain standards and procedures, a
revocation hearing nonetheless is Aa
cause@ to which article 36.02 applies.  See Stout,
500 S.W.2d at 154.  The analysis also is not controlled by whether article 36.02
applies to hearings on motions to suppress.  See Gilbert v. State, 874
S.W.2d 290, 292-93 (Tex. App.CHouston [1st
Dist.] 1994, pet. ref=d); Montalvo v. State, 846 S.W.2d 133, 137
(Tex. App.CAustin 1993, no pet.).  A revocation hearing is more
than Aa specialized objection,@ see Montalvo, 846 S.W.2d at 137, even if it does not share all
the attributes of a full-fledged trial.  The broader issue of whether article
36.02 applies to trial without jury or to other types of proceedings need not
be resolved here; the narrow issue of article 36.02=s applicability to a revocation hearing is all that
need be addressed.  This narrow issue is resolved by Stout, which
expressly applied article 36.02 in this context.  See 500 S.W.2d at
154.  We do the same.